Jeffrey J. Toney (*admitted pro hac vice*)
Ralph E. Gaskins (*admitted pro hac vice*)
Paul G. Williams (*admitted pro hac vice*
KASOWITZ BENSON TORRES LLP
1349 West Peachtree Street NW, Suite 1500
Atlanta, Ga 30309
Telephone:  (404) 260-6080
Facsimile:  (404) 260-6081
jtoney@kasowitz.com
rgaskins@kasowitz.com
pwilliams@kasowitz.com

Lyn R. Agre (SBN 178218)
Margaret A. Ziemianek (SBN 233418)
KASOWITZ BENSON TORRES LLP
101 California Street, Suite 2300
San Francisco, California  94111
Telephone:  (415) 421-6140
Facsimile:  (415) 398-5030
lagre@kasowitz.com
mziemianek@kasowitz.com

Attorneys for Plaintiff RIDEAPP, INC.

Jeremy J. Taylor (SBN 249075)
jeremy.taylor@bakerbotts.com
**BAKER BOTTS L.L.P.**
San Francisco, CA 94111
Tel: (415) 291-6200
Fax: (415) 291-6300

Bryant C. Boren, Jr. (SBN 260602)
bryant.c.boren@bakerbotts.com
Elizabeth K. Boggs (SBN 280555)
betsy.boggs@bakerbotts.com
Keith M. Jurek (SBN 310856)
keith.jurek@bakerbotts.com
**BAKER BOTTS L.L.P.**
1001 Page Mill Road
Building One, Suite 200
Palo Alto, California 94304
Phone: (650) 739-7500
Fax: (650) 739-7699

Jennifer C. Tempesta (*admitted pro hac vice*)
**BAKER BOTTS L.L.P.**
30 Rockefeller Plaza
New York, NY 10112
Phone: (212) 408-2500
Fax: (212) 408-2501

Attorneys for Defendant LYFT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIDEAPP, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>LYFT, INC.<br><br>    Defendant. | Case No.  3:18-CV-07152-JST<br><br>**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT** |

Pursuant to Federal Rule of Civil Procedure 26, Local Rule 16-9, Patent Local Rule 2-1(b), this Court's Standing Orders, and the Clerk's Notice Setting Case Management Conference (ECF

1
JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT
Case No. 3:18-CV-07152-JST

No. 62), Plaintiff RideApp, Inc. ("Plaintiff") and Defendant Lyft, Inc. ("Defendant") jointly submit this Joint Case Management Statement and Rule 26(f) Report in advance of the Case Management Conference scheduled for March 20, 2019.

## 1. JURISDICTION AND SERVICE

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  The Parties agree that personal jurisdiction and venue are proper.

## 2. FACTS

### A. Plaintiff's Description of the Case

This is a patent infringement action in which RideApp alleges that Lyft directly and indirectly infringes at least claims 2, 3, and 6 of U.S. Patent No. 6,697,730 (the "'730 Patent"). The '730 Patent, with a priority date of April 4, 2000, is now assigned to RideApp, Inc. by its inventor, Dr. Stephen Dickerson.  The '730 Patent is a remarkably forward-thinking document for its time.  In a very detailed specification, it sets out the use of mobile telephones to include integrated GPS positional matching and billing for rides, allowing an automated, cash-free transaction, and advising both the driver and the passenger of the other's GPS locations.  In doing so, it encompasses much of the business model that users today associate with Lyft and other ridesharing companies.  The '730 Patent reflects the invention of Dr. Stephen Dickerson, who assigned the patent to his company, RideApp, after the patent rights were returned to him by the original assignee, the Georgia Institute of Technology, in early 2018.

Lyft's products and services practice the claims of the '730 Patent.  Lyft was founded in 2012 as Zimride and officially launched as Lyft in 2013.  Lyft claims that it connects passengers with drivers to take advantage of its services over one million times daily.  Lyft's services that directly and indirectly infringe the '730 Patent include, but are not limited to, Standard Lyft, Lyft Line, Lyft Shuttle, Lyft Plus, Lyft Premier, Lyft Lux, Lyft Lux SUV, and any related service that relies on the Lyft applications, as well as Citibike, Ford GoBike, BlueBikes, Divvy, Capital Bikeshare, Cogo, Biketown, and Niceride and other bikeshare services acquired from Motivate International, Inc.  (collectively, the "Accused Products and Services").  The Accused Products

and Services are integrated into a system comprising a technology platform and smartphone applications to connect drivers and passengers in ways that practice the claims of the '730 Patent.

The primary factual and legal issues necessary to resolve the case relate to proving Lyft's infringement of the asserted claims, and will necessarily include the Court's construction of any disputed terms in the '730 Patent's claims. For its direct infringement claims, RideApp must prove that Lyft practices each element of the asserted claims either literally or under the doctrine of equivalents. See 35 U.S.C. § 271(a). For indirect infringement, RideApp must prove that Lyft either contributes to direct infringement by another party or induces another party to engage in direct infringement. See 35 U.S.C. § 271(b)-(c). RideApp has not identified any pre-April 4, 2000 prior art that would invalidate the '730 Patent. Further, the '730 Patent is sufficiently well constructed to meet the patenting requirements of 35 U.S.C. §§ 101-103 and 112.

Lyft's description of RideApp as a non-practicing entity is simply untrue. The founder of RideApp is the sole named inventor for the '730 Patent, Dr. Stephen Dickerson. Prof. Dickerson has a documented history of activity in the urban transportation business extending back to 1975. During his academic career, he was a founder of RideCell, Inc., an urban transportation company based in the San Francisco area. Dr. Dickerson endowed a chaired professorship in urban transportation at Georgia Tech several years ago. Presently, Dr. Dickerson is a member of the Board of Directors for the Atlanta-Region Transit Link Authority (ATL). RideApp is a start-up company formed by Dr. Dickerson in 2018. RideApp is actively seeking to license other parties under the '730 Patent and exploring potential business relationships in the transportation space.

**B.  Defendant's Description of the Case**

This is a one-patent case brought by a Georgia corporation, RideApp, Inc., against Lyft for infringement of the '730 Patent.

RideApp was established last year by Stephen Dickerson, who is the named inventor on the patent. RideApp does not appear to have any products or any employees other than Prof. Dickerson. Per RideApp's website, RideApp is "currently not operating." The patent was originally assigned

in 2001 to Georgia Tech Research Corporation, the research arm of Georgia Tech. Georgia Tech Research Corporation assigned the patent back to Prof. Dickerson last year.

Defendant Lyft is a transportation network company that is headquartered in San Francisco and has over 4600 full-time employees. Lyft recently acquired Motivate, a company in the bicycle-sharing space. Contrary to plaintiff's assertion, Lyft did not acquire "bikeshare services" *from* Motivate; Lyft acquired the company itself. Motivate is not a defendant in this case, as RideApp voluntarily dismissed Motivate as a party last October.

The '730 Patent claims systems directed to performing vehicle dispatch and billing using "central data systems," wireless "communication devices," and "wireless means" to allocate passengers to vehicles and to inform passengers of vehicle assignments and arrival times. The specification of the patent describes that the claimed systems are accomplished using technology known at the time, including GPS, computers, and cell phones. Because the asserted claims of the '730 Patent are directed to patent ineligibly subject matter, Lyft intends to file a Section 101 motion for judgment on the pleadings pursuant to Federal Rule 12(c) shortly.

In addition, as reflected in the *inter partes* reviews filed by both Lyft and third-party Unified Patents (discussed further below), the asserted claims are invalid because they are anticipated by and obvious in light of prior art references including Behnke, Jaffe, Penzias, and Jones. The patent is also invalid because it is indefinite under Section 112.

RideApp has not yet served infringement contentions under the local rules of this Court, but based on information available, Lyft does not infringe the asserted claims of the '730 Patent.

This case is likely amenable to early resolution, either through *inter partes* review or judgment on the pleadings. There are currently two requests for institution of *inter partes* review outstanding before the PTAB. One was filed by Unified Patents, an entity unrelated to this case, on December 12, 2018 (IPR2019-00414). Lyft filed a request for *inter partes* review of the '730 Patent on February 12, 2019 (IPR2019-00671). As discussed previously, Lyft also intends to file, prior to the case management conference, a motion for judgment on the pleadings of invalidity under § 101.

Given these outstanding questions as to the validity of the patent-in-suit, conservation of resources counsels minimizing the costs of discovery and of other costs until these issues have been resolved.

### 3. LEGAL ISSUES

The parties dispute the following legal issues: (A) the meaning of various claim terms of the '730 Patent; (B) whether Defendant infringes any claim of the '730 Patent; (C) whether any claims of the '730 Patent are invalid; (D) whether the claims of the '730 Patent are directed to patent-ineligible subject matter; (E) whether the '730 Patent is enforceable; (F) whether this is an exceptional case under 35 U.S.C. § 285; (G) whether any infringement by Defendant was willful; (H) whether Plaintiff has waived its right to enforce the '730 Patent; (I) the extent of any alleged damages; (J) whether Plaintiff is entitled to a permanent injunction enjoining Defendant from further infringement of the '730 Patent; and (K) whether this is an exceptional case under § 285 warranting the award to Lyft of costs, expenses, and attorneys' fees.

### 4. MOTIONS

<u>Pending Motions.</u>  There are no pending motions.  Lyft intends to file a motion for judgment on the pleadings pursuant to § 101 prior to the case management conference.

<u>Discovery Motions.</u>  The parties anticipate the use of discovery motions only as necessary to obtain responsive discovery.

<u>Pre-Trial Motions.</u>  The parties anticipate filing motions for summary judgment.

### 5. AMENDMENT OF PLEADINGS

Plaintiff anticipates amending the Complaint to clarify issues regarding Lyft's alleged infringement relating to its bikeshare services.  RideApp proposes a deadline for amending the pleadings of July 10, 2019, and Lyft proposes a deadline of April 3, 2019.

### 6. EVIDENCE PRESERVATION

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that the parties have met and

conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.     DISCLOSURES**

The parties previously fully and timely complied with the initial disclosure requirements of Fed. R. Civ. P. 26(f) before the case was transferred to this district.

**8.     DISCOVERY**

**Plaintiff's proposed schedule:**

All fact discovery in this case shall be initiated so that it will be completed on or before August 20, 2019.  All expert discovery in this case shall be completed on or before November 20, 2019.

Document production should be substantially complete by June 20, 2019.

**Defendant's proposed schedule:**

Consistent with the practices of this Court, Lyft proposes setting a schedule through the claim construction hearing at this initial case management conference.

Lyft proposes that limits in the Federal Rules of Civil Procedure should govern discovery in this case.

**9.     CLASS ACTIONS**

This case is not a class action.

**10.    RELATED CASES**

This case was transferred from the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a); the case number in that district was 18-cv-6625-LGS.

RideApp has also brought suit for infringement of the '730 Patent against Juno USA, LP, in the Southern District of New York (case no. 1:18-cv-11579-KMW).

Unified Patents filed an *inter partes* review proceeding before the Patent Trial and Appeal Board (Case IPR2019-00414) on December 12, 2018.

Lyft filed an *inter partes* review proceeding before the Patent Trial and Appeal Board (Case IPR2019-00671) on February 12, 2019.

**11.    RELIEF**

Plaintiff seeks the following relief from the Court:

(a)    A judgment declaring that Defendant has infringed, either literally or under the doctrine of equivalents, one or more claims of the '730 Patent;

(b)    A finding that Defendant's infringement of the '730 Patent has been willful and a judgment of enhanced damages;

(c)    A permanent injunction enjoining Defendant from further infringement, inducing the infringement, and contributing to the infringement of the '730 Patent;

(d)    A judgment awarding Plaintiff damages adequate to compensate for Defendant's infringement;

(e)    Pre-judgment and post-judgement interest to the full extent allowed under the law, as well as its costs;

(f)    Attorneys' fees in this action as an exceptional case pursuant to 35 U.S.C. § 285;

(g)    Costs and expenses in this action; and

(i)    Such other and further relief as the Court deems just and proper.

Defendant seeks the following relief from the Court:

a.  An order dismissing RideApp's Amended Complaint with prejudice in all respects;

b.  A judgment that Lyft is not infringing and has not infringed, directly and/or indirectly, any claim of the '730 Patent.

c.  A judgment that Lyft is not willfully infringing and has not willfully infringed any claim of the '730 Patent;

d.  A judgment that each claim of the '730 Patent is invalid;

e.  A judgment that each claim of the '730 Patent is unenforceable;

f.  An order denying RideApp's request for a permanent injunction;

g.  An order denying RideApp's request for any damages including any pre-judgment and post-judgment interest;

      h.   An order denying RideApp's request for attorney's fees in this action as an exceptional case;

      i.   An order denying RideApp's request for any costs and expenses in this action;

      j.   An order declaring this an exceptional case and that Lyft be awarded its costs, expenses, and reasonable attorneys' fees in this action under 35 U.S.C. § 285;

      k.   An order awarding Lyft such other relief as the Court may deem appropriate and just under the circumstances.

**12.   SETTLEMENT AND ADR**

The parties have complied with ADR Local Rule 3-5 and have filed the required ADR certification documents.

Counsel have conferred regarding potential settlement of this matter. Counsel is of the view that private mediation may facilitate further discussions and have discussed a specific private mediator.

**13.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

All parties did <u>not</u> consent to have a magistrate judge conduct all further proceedings in this matter.

**14.   OTHER REFERENCES**

This case is <u>not</u> suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

Pursuant to Local Patent Rule 1-3, the parties certify that they do not seek modification of the deadlines set forth in the Local Patent Rules.

**15.   NARROWING OF ISSUES**

All parties anticipate filing one or more motions for summary judgment.

**16.   EXPEDITED TRIAL PROCEDURE**

This case is <u>not</u> the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64, Attachment A.

KASOWITZ BENSON TORRES LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

**17. SCHEDULING**

The parties have been unable to agree on a proposed schedule. RideApp's proposed schedule is attached as Appendix A.  Lyft's proposed schedule is attached as Appendix B.

**18. TRIAL**

This case will be tried before a jury, and Plaintiff expects the trial to last approximately 2 weeks.  Defendant expects the trial to last approximately four days.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties have filed Certifications of Interested Entities or Persons, as required by Civil Local Rule 3-15.

RideApp, Inc. (a private non-governmental party) certifies that the following are corporate parents, affiliates, and/or subsidiaries of said party, which are publicly held:  None.

Lyft, Inc. (a private non-governmental party) certifies that the following are corporate parents, affiliates, and/or subsidiaries of said party, which are publicly held:  Lyft is a privately-held corporation with no parent corporation.  Rakuten, Inc., a publicly-held corporation that is traded on the Tokyo Stock Exchange, owns more than ten (10) percent of Lyft's outstanding stock through a subsidiary.

**20. PROFESSIONAL CONDUCT**

The attorneys of record for the parties certify that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. SUCH OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY, AND INEXPENSIVE DISPOSITION OF THIS MATTER**

<u>Format of Claim Construction Hearing</u>.  Plaintiff proposes that the format of the claim construction hearing include live testimony, with Plaintiff presenting first and Defendant following.  Defendant does not believe that live testimony will be needed.

The parties are prepared to provide the Court with a technology tutorial if desired by the Court.

<u>Claim construction experts and discovery.</u>  Defendant proposes that the parties provide any expert reports and/or declarations at the time of the respective opening or responsive briefs and that experts be made available for deposition during the week after their reports or declarations are provided.

Dated:  March 11, 2019

*/s/ Jeffrey J. Toney*
Jeffrey J. Toney (*admitted pro hac vice*)
Ralph E. Gaskins (*admitted pro hac vice*)
Paul G. Williams (*admitted pro hac vice*)
KASOWITZ BENSON TORRES LLP
1349 West Peachtree Street, N.W., Suite 1500
Atlanta, Georgia 30309
Telephone:  (404) 260-6080
Facsimile:  (404) 260-6081
jtoney@kasowitz.com
rgaskins@kasowitz.com
pwilliams@kasowitz.com

Lyn R. Agre (SBN 178218)
Margaret A. Ziemianek (SBN233418)
KASOWITZ BENSON TORRES LLP
101 California Street, Suite 2300
San Francisco, California 94111
Telephone:  (415) 421-6140
Facsimile:  (415) 398-5030
lagre@kasowitz.com
mziemianek@kasowitz.com

*Attorneys for Plaintiff RideApp, Inc.*

| | |
|---|---|
| Dated:  March 11, 2019 | */s/ Jeremy J. Taylor* |
| | Jeremy J. Taylor |
| | BAKER BOTTS L.L.P. |
| | 101 California Street, Suite 3600 |
| | San Francisco, California 94111 |
| | Telephone:  (415) 291-6200 |
| | Facsimile:  (415) 291-6300 |
| | jeremy.taylor@bakerbotts.com |
| | |
| | Bryant C. Boren, Jr. |
| | Elizabeth K. Boggs |
| | H. Christopher Han |
| | Keith M. Jurek |
| | BAKER BOTTS L.L.P. |
| | 1001 Page Mill Road |
| | Building One, Suite 200 |
| | Palo Alto, California 94304 |
| | Telephone:  (650) 739-7500 |
| | Facsimile:  (650) 739-7699 |
| | bryant.c.boren@bakerbotts.com |
| | betsy.boggs@bakerbotts.com |
| | chris.han@bakerbotts.com |
| | keith.jurek@bakerbotts.com |
| | |
| | Jennifer C. Tempesta (*admitted pro hac vice*) |
| | BAKER BOTTS L.L.P. |
| | 30 Rockefeller Plaza |
| | New York, NY 10112 |
| | Telephone:  (212) 408-2500 |
| | Facsimile:  (212) 408-2501 |
| | jennifer.tempesta@bakerbotts.com |
| | |
| | *Attorneys for Defendant Lyft, Inc.* |

## Appendix A – RideApp's Proposed Schedule

**April 3, 2019** – Rule 26(a) Initial Disclosures due – the parties served Initial Disclosures upon each other before the case was transferred.

**April 3, 2019** – Party claiming patent infringement shall serve on all parties its "**Disclosure of Asserted Claims and Infringement Contentions**" and make the "**Document Production Accompanying Disclosure**."

**May 20, 2019** – Party opposing claim of patent infringement shall serve on all parties its "**Invalidity Contentions**" and make the "**Document Production Accompanying Invalidity Contentions**."

**June 3, 2019** – Each party shall serve on other party a **list of claim terms** that the party contends should be construed by the Court, and identify any claim term that the party contends should be governed by 35 U.S.C. § 112(6). The parties shall thereafter meet and confer for the purposes of limiting the terms in dispute.

**June 20, 2019** – Document production shall be substantially complete.

**June 24, 2019** – Parties shall **simultaneously exchange proposed construction**s of each term identified by either party for claim construction. The parties shall thereafter meet and confer for purposes of narrowing the issues and finalizing preparation of Joint Claim Construction and Prehearing Statement.

**July 9, 2019** – Damages Contentions due.

**July 10, 2019** – Deadline to amend pleadings.

**July 19, 2019** – **Joint Claim Construction and Prehearing Statement Due**

**August 8, 2019** – Each party denying infringement shall identify specifically how and why it disagrees with the Damages Contentions.

**August 19, 2019** – All **Claim Construction Discovery closes** (including expert discovery).

**August 20, 2019** – **Fact discovery closes** (all fact discovery must be <u>completed</u> by this date).

**September 3, 2019** – Party claiming patent infringement shall serve and file an opening brief and any evidence supporting its claim construction.

**September 17, 2019** – Briefs opposing claim construction due.

**September 20, 2019** – Initial expert reports exchanged on matters on which part bears burden of proof.

**September 24, 2019** – Claim construction reply briefs due.

**October 8, 2019** – Claim construction hearing (subject to convenience of Court's calendar). Not later than 30 days after service of the Court's Claim Construction Ruling, each party relying upon advice of counsel as part of a patent-related claim or defense for any reason shall produce such opinions, written summaries of oral advice, and a privilege log.

**October 21, 2019** – Responsive expert reports exchanged.

**November 20, 2019** – Expert discovery completed.

**January 20, 2020** – Last day to file dispositive motions

**March 20, 2020 at 2:00 p.m.** – Dispositive motions hearing.

**May 22, 2020 at 2:00 p.m.** – Pretrial conference.

**June 8, 2020** – Trial.

### **Appendix B – Lyft's Proposed Schedule**

Pursuant to the Court's usual practice, Lyft proposes scheduling dates through the completion of claim construction in this case. Should further scheduling be necessary after claim construction, Lyft proposes that the parties meet and confer to propose dates to the Court at that time.

| Event | Proposed Deadline |
|---|---|
| Case management conference | March 20, 2019 |
| Last day to file motions to join additional parties or to amend pleadings absent good cause | April 3, 2019 |
| Plaintiff to serve Disclosure of Asserted Claims and Infringement Contentions and Document Production Accompanying Disclosure (per Patent L.R. 3-1 and 3-2) | April 3, 2019 |
| Defendant to serve Invalidity Contentions and Document Production Accompanying Invalidity Contentions (per Patent L.R. 3-3 and 3- 4) | May 20, 2019 |
| Plaintiff to serve Damages Contentions (per Patent L.R. 3-8) | July 9, 2019 |
| Exchange of Proposed Claim Terms for Construction (per Patent L.R. 4-1) | June 3, 2019 |
| Exchange Preliminary Claim Constructions and Extrinsic Evidence (per Patent L.R. 4-2) | June 24, 2019 |
| File Joint Claim Construction and Prehearing Statement (per Patent L.R. 4-3) | July 19, 2019 |
| Defendant to serve Responsive Damages Contentions (per Patent L.R. 3-9) | August 8, 2019 |
| Deadline for Completion of Claim Construction Discovery (per Patent L.R. 4-4) | August 19, 2019 |
| RideApp to File Opening Claim Construction Brief (per Patent L.R 4-5(a)) and any supporting expert declaration and/or report | September 3, 2019 |
| Lyft to File Responsive Claim Construction Brief (per Patent L.R 4-5(a)) and any supporting expert declaration and/or report | September 17, 2019 |

| Event | Proposed Deadline |
|---|---|
| Each party to file Responsive Claim Construction Briefs | September 24, 2019 |
| Claim Construction Hearing (per Patent L.R. 4-6) | At the Court's discretion in October 2019 or later |

CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

---

Honorable Jon S. Tigar
UNITED STATES DISTRICT/MAGISTRATE JUDGE