# EXHIBIT B

| | |
|---|---|
| **From:** | Paul G. Williams |
| **Sent:** | Wednesday, April 10, 2019 2:04 PM |
| **To:** | jeremy.taylor@bakerbotts.com; betsy.boggs@bakerbotts.com |
| **Cc:** | Jeffrey J. Toney; Ralph E. Gaskins; Nekita A. Washington; Jackie L. Toney; Andrew R. Kurland; Lyn R. Agre; Margaret Ziemianek |
| **Subject:** | RE: RideApp/Lyft - Motion to Amend |

Jeremy,

Thank you for your response.  Providing you with a final second amended complaint will not be feasible as we are working to finalize it for filing today.  As a courtesy, last week we provided you with a redlined version reflecting the substantive changes from the Amended Complaint and yesterday I confirmed the course we would be pursuing regarding the areas I previously informed you were still undecided.  We believe that you easily should be able to tell which allegations relate to scooters within redline that we sent to you, so it is unnecessary to include internal citations relating back to those allegations from the Counts.

Also, because Lyft has not yet responded to any discovery requests and RideApp agreed to an extension of Lyft's discovery responses, Lyft will in no way be prejudiced by the proposed amendment.

Regarding the infringement contentions, we disagree that we have not complied with our obligations.  The joint case management statement also included a reference to serving initial disclosures, but those likewise had already been exchanged and did not need to be re-served in our opinion.  When we served our infringement contentions last November, we produced the file history.  We have a small supplemental production which we will be making in the next few days.  Given that we believe the Court will grant RideApp leave to amend the Amended Complaint, it makes sense to fully supplement our infringement contentions after the newly-asserted patent claims and the counts regarding scooters are formally in the case.

We do not believe further meet-and-confer discussions are necessary at this point as Lyft does not seem inclined to stipulate to the SAC.  If you do want to discuss these issues further I am available today for a telephone conference until around 1:00 p.m. PDT.  After that point, given our filing deadline, we will operate under the assumption that you intend to oppose the motion to amend the complaint and proceed accordingly.

Regards,

Paul

---

**From:** jeremy.taylor@bakerbotts.com [mailto:jeremy.taylor@bakerbotts.com]
**Sent:** Wednesday, April 10, 2019 1:19 PM
**To:** Paul G. Williams <PWilliams@kasowitz.com>; betsy.boggs@bakerbotts.com
**Cc:** Jeffrey J. Toney <JToney@kasowitz.com>; Ralph E. Gaskins <RGaskins@kasowitz.com>; Nekita A. Washington <NWashington@kasowitz.com>; Jackie L. Toney <JAToney@kasowitz.com>; Andrew R. Kurland <AKurland@kasowitz.com>; Lyn R. Agre <LAgre@kasowitz.com>; Margaret Ziemianek <MZiemianek@kasowitz.com>
**Subject:** RE: RideApp/Lyft - Motion to Amend

Paul,

Thank you for your email. Unless we are able to review the final amended complaint, we cannot confirm whether or not Lyft will oppose it. The previously-provided version lacked information about how scooter functionality allegedly corresponds to both the previously-asserted claims 2, 3, and 6 and the not-yet-asserted claims 1, 4, and 5. Instead of proper citations, the redline you provided simply lists "*See* Paragraphs ___" after all allegations concerning scooters. Without this information, it is not possible to fully analyze RideApp's amended complaint to determine whether or not Lyft opposes it.

With respect to the infringement contentions, RideApp's SDNY contentions served on November 5, 2018 do not comply with N.D. Cal. Patent Local Rule (PLR) 3-1, and RideApp has not provided the accompanying production required under PLR 3-2. The schedules proposed by both parties in the Joint Case Management Statement which the Court adopted at the Case Management Conference, required RideApp to provide N.D. Cal. infringement contentions (in compliance with PLR 3-1) and to provide the accompanying document production (pursuant to PLR 3-2) on April 3, 2019. To now suggest that RideApp need not provide infringement contentions that comply with PLR 3-1 until two weeks after RideApp files its second amended complaint makes the current case schedule unworkable as all the calendared dates were calculated based on proper service of RideApp's infringement contentions and accompanying document production on April 3. Since RideApp has not complied with either deadline, in the event the Court allows RideApp to later comply with PLRs 3-1 and 3-2, a new case calendar will be required.

To help resolve these issues, I think a meet and confer would be helpful. I'm tied up in a deposition for much of today, but could talk mid/late afternoon if that works for you. Alternatively, I'm free to talk later in the week. Please let me know when you are available to meet and confer on these issues.

Thanks,
Jeremy


**Jeremy J. Taylor | Baker Botts L.L.P.**
office 415.291.6202 | mobile 510.688.0999

---

**From:** Paul G. Williams <PWilliams@kasowitz.com>
**Sent:** Tuesday, April 9, 2019 5:09 PM
**To:** Taylor, Jeremy <jeremy.taylor@bakerbotts.com>; Boggs, Betsy <betsy.boggs@bakerbotts.com>
**Cc:** Jeffrey J. Toney <JToney@kasowitz.com>; Ralph E. Gaskins <RGaskins@kasowitz.com>; Nekita A. Washington <NWashington@kasowitz.com>; Jackie L. Toney <JAToney@kasowitz.com>; Andrew R. Kurland <AKurland@kasowitz.com>; Lyn R. Agre <LAgre@kasowitz.com>; Margaret Ziemianek <MZiemianek@kasowitz.com>
**Subject:** RE: RideApp/Lyft - Motion to Amend

Jeremy,

The proposed Second Amended Complaint ("SAC") is not yet in its final form and we do not anticipate sending another draft to you before filing it. We can confirm that RideApp has decided to add Counts regarding patent claims 1, 4 and 5 addressing Lyft's bikeshare and scooter sharing products and services – as shown in the redline that we sent to you. The only other significant changes from the redline that we sent to you is that we are removing all claims for injunctive relief from each count.

Regarding your assertion below about infringement contentions, we served infringement contentions on Lyft on November 5, 2018 before the case was transferred. As you recognize below in your statement about expanding the case beyond those infringement contentions, Lyft is fully aware of RideApp's contentions regarding Lyft's rideshare and bikeshare activities. We propose serving supplemental contentions that will address Lyft's scooter sharing activities, as well as addressing the newly asserted patent claims, within two weeks of the date the SAC is filed.

Please let us know by noon Pacific time tomorrow whether Lyft will stipulate to the filing of the SAC so that we have time to file the motion to amend or stipulation tomorrow in conjunction with our brief opposing Lyft's 12(c) motion. If we have not heard from you by then we will assume that Lyft plans to oppose the amendment as you indicated below.

Thank you,

Paul

---

**From:** jeremy.taylor@bakerbotts.com [mailto:jeremy.taylor@bakerbotts.com]
**Sent:** Monday, April 8, 2019 7:13 PM
**To:** Paul G. Williams <PWilliams@kasowitz.com>; betsy.boggs@bakerbotts.com
**Cc:** Jeffrey J. Toney <JToney@kasowitz.com>; Ralph E. Gaskins <RGaskins@kasowitz.com>; Nekita A. Washington <NWashington@kasowitz.com>; Jackie L. Toney <JAToney@kasowitz.com>; Andrew R. Kurland <AKurland@kasowitz.com>
**Subject:** RE: RideApp/Lyft - Motion to Amend

**\*\*External Email\*\***

Paul,
Thank you for the redlined amended complaint. Since it is still in draft form and you are awaiting client approval, please provide the final version when it is ready, and we can confirm whether Lyft opposes the amendment.
Relatedly, we did not receive any infringement contentions from RideApp pursuant to Patent Local Rule 3-1. As a result, Lyft will likely oppose any amendment that seeks to end run the Patent Local Rules or expand the case beyond that disclosed in RideApp's Patent Local Rule 3-1 infringement contentions.
I'm available to discuss later this week if it would be helpful.
Thanks,
Jeremy


**Jeremy J. Taylor | Baker Botts L.L.P.**
office 415.291.6202 | mobile 510.688.0999

**From:** Paul G. Williams <PWilliams@kasowitz.com>
**Sent:** Friday, April 5, 2019 2:37 PM
**To:** Taylor, Jeremy <jeremy.taylor@bakerbotts.com>; Boggs, Betsy <betsy.boggs@bakerbotts.com>
**Cc:** Jeffrey J. Toney <JToney@kasowitz.com>; Ralph E. Gaskins <RGaskins@kasowitz.com>; Nekita A. Washington <NWashington@kasowitz.com>; Jackie L. Toney <JAToney@kasowitz.com>; Andrew R. Kurland <AKurland@kasowitz.com>
**Subject:** RideApp/Lyft - Motion to Amend

Dear Jeremy,

As I told you a couple days ago, RideApp intends to amend its complaint. Pursuant to your request, please find attached a redline comparison between the proposed Second Amended Complaint and the Amended Complaint filed in S.D.N.Y.

As we discussed, the proposed Second Amended Complaint changes the bikeshare allegations to reflect the removal of Motivate as a party and adds allegations and claims regarding Lyft's new scooter share business. It also reflects information revealed in Lyft's Form S-1 filed last month in preparation for its IPO. As I mentioned, we are currently planning to add patent claims 1, 4 and 5 with respect to Lyft's bikeshare and scooter share business, although we still

are awaiting final client approval.  Because the proposed Second Amended Complaint is not in its final form, we have not yet added all of the internal paragraph citations and we may change the order of the Counts to put them in claim order (the counts regarding the new claims currently are located after the original counts).

We believe the proposed amendment is timely in light of (1) Judge Tigar's statement during the initial conference that he freely would allow amendment of the pleadings, (2) the early stage of the case (*e.g.*, Lyft has not yet responded to discovery requests), (3) the information filed by Lyft in connection with its IPO last month, and (4) the recent closing regarding Motivate and the launch of Lyft's scooter sharing business.

Please let us know by no later than Monday COB whether Lyft will stipulate to RideApp amending its complaint or whether we need to move for leave to amend.

Thank you,

Paul


Paul G. Williams
Kasowitz Benson Torres LLP
1349 West Peachtree Street, N.W.
Suite 1500
Atlanta, Georgia 30309
Tel.  (404) 260-6102
Fax. (404) 393-9752
PWilliams@kasowitz.com

This e-mail and any files transmitted with it are confidential and may be subject to the attorney-client privilege. Use or disclosure of this e-mail or any such files by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please notify the sender by e-mail and delete this e-mail without making a copy.


**Confidentiality Notice:**

The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.