Jeremy J. Taylor (SBN 249075)
jeremy.taylor@bakerbotts.com
**BAKER BOTTS L.L.P.**
101 California Street, Suite 3600
San Francisco, CA 94111
Tel: (415) 291-6200
Fax: (415) 291-6300

Bryant C. Boren, Jr. (SBN 260602)
bryant.c.boren@bakerbotts.com
Elizabeth K. Boggs (SBN 280555)
betsy.boggs@bakerbotts.com
Keith M. Jurek (SBN 310856)
keith.jurek@bakerbotts.com
**BAKER BOTTS L.L.P.**
1001 Page Mill Road
Building One, Suite 200
Palo Alto, California 94304
Phone: (650) 739-7500
Fax: (650) 739-7699

Jennifer C. Tempesta (*admitted pro hac vice*)
jennifer.tempesta@bakerbotts.com
**BAKER BOTTS L.L.P.**
30 Rockefeller Plaza
New York, NY 10112
Phone: (212) 408-2500
Fax: (212) 408-2501

*Attorneys for Defendant LYFT, INC.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| RIDEAPP, INC.<br><br>    Plaintiff,<br><br>    v.<br><br>LYFT, INC.<br><br>    Defendant. | Case No. 18-CV-07152-JST<br><br>**DEFENDANT LYFT, INC.'S OPPOSITION TO PLAINTIFF RIDEAPP'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>Judge: Hon. Jon S. Tigar<br>Date: May 16, 2019<br>Time: 2:00 p.m.<br>Courtroom: 9 – 19th Floor |

**TABLE OF CONTENTS**

**Page**

I. Introduction ............................................................................................................................ 1

II. Background ............................................................................................................................ 1

III. Legal Standard ....................................................................................................................... 3

    A. Timely Showing of Good Cause Required to Amend Infringement Contentions ....... 3

    B. Parent Corporations are Not Liable for the Acts of Subsidiaries ................................. 4

IV. Argument ................................................................................................................................ 5

    A. Plaintiff Seeks to Avoid the High Standard of Amending Infringement Contentions in this District by Seeking to Amend the Pleadings ......................................................... 5

    B. Plaintiff Has Not Provided a "Timely Showing of Good Cause" Required to Amend Infringement Contentions, Nor Could It ....................................................................... 6

        1. Plaintiff did Not Exercise Diligence in Discovering the Alleged Basis for the Proposed Amendments ............................................................................................. 6

        2. Plaintiff did Not Exercise Diligence in Seeking Amendment Once the Alleged Basis for Amendment was Discovered ...................................................................... 7

    C. Plaintiff RideApp Improperly Seeks to Attribute Motivate's Acts to Lyft .................. 9

    D. Plaintiff's Proposed Amendments are Futile ............................................................... 11

V. Conclusion ............................................................................................................................. 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Allvoice Dev. US, LLC v. Microsoft Corp.*,
  612 Fed.Appx. 1009 (Fed. Cir. 2015) ..................................................................................3

*Berger v. Rossignol Ski Co.*,
  No. 05-02522, 2006 WL 1095914 (N.D. Cal. Apr. 25, 2006) .............................................5

*Dole Food Co. v. Patrickson*,
  538 U.S. 468 (2003) ............................................................................................................4

*El Salto, S. A. v. PSG Co.*,
  444 F.2d 477 (9th Cir. 1971) ...............................................................................................4

*Kiobel v. Royal Dutch Petroleum Co.*,
  621 F.3d 111 (2d Cir. 2010) ................................................................................................4

*Looksmart Group, Inc. v. Microsoft Corp.*,
  17-cv-04709-JST (N.D. Cal. Feb. 6, 2019) ............................................................3, 6, 8, 9

*Matter of Christian & Porter Aluminum Co.*,
  584 F.2d 326 (9th Cir. 1978) ...............................................................................................4

*Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*,
  417 F.Supp.2d 1121 (N.D.Cal. 2006) .................................................................................3

*O2 Micro Intern. Ltd. v. Monolithic Power Sys. Inc.*,
  467 F.3d 1355 (Fed. Cir. 2006) ...............................................................................3, 5, 7, 8

*Papst Licensing GmbH & Co. KG v. Xilinx Inc.*,
  193 F. Supp. 3d 1069 (N.D. Cal. 2016), aff'd, 684 Fed. Appx. 971 (Fed. Cir. 2017)...................................................................................................................................12

*Positive Techs., Inc. v. Sony Elecs., Inc.*,
  No. C 11-2226 SI, 2013 WL 322556 (N.D. Cal. Jan 28, 2013) ..........................................3

*Symantec Corp. v. Acronis Corp.*,
  No. 11-5310 EMC-JSC, 2013 WL 5368053 (N.D. Cal. Sept. 25, 2013) .......................7, 11

*United States v. Bennett*,
  621 F.3d 1131 (9th Cir. 2010) .............................................................................................4

*United States v. Bestfoods*,
  524 U.S. 51 (1998) .........................................................................................................4, 12

**OTHER AUTHORITIES**

1 W. Fletcher, Cyclopedia of the Law of Private Corporations § 41.28 (rev. ed.1999) .................................................................................................................................4

Defendant Lyft, Inc. ("Lyft") respectfully submits this memorandum of law in opposition to Plaintiff RideApp, Inc.'s ("RideApp") Motion for Leave to Amend its First Amended Complaint pursuant to Fed. R. Civ. P. 15. Dkt. 77.

**I. INTRODUCTION**

Plaintiff RideApp seeks leave to amend its complaint a second time in this case to improperly avoid the high burden it would otherwise face in amending its infringement contentions. Patent Local Rules 3-1 and 3-6 are designed to crystallize the issues of the case and allow infringement contentions to be amended by order of the court upon a timely showing of good cause. RideApp has made no attempt to meet this standard, because it cannot. RideApp should not be allowed to circumvent this high standard by amending its complaint yet another time.

RideApp also seeks to formalize allegations against Lyft for actions taken by its subsidiary Motivate International, Inc. ("Motivate"). Instead of adding Motivate as a party to this lawsuit, which it unsuccessfully attempted to do in September 2018, RideApp now seeks to improperly impute Motivate's actions to Lyft despite previously being admonished for attempting the very same thing.

Defendant Lyft opposes Plaintiff's motion for leave to file a second amended complaint because it attempts to paper over RideApp's failure to comply with the Patent Local Rules regarding infringement contentions and seeks to improperly impute Motivate's actions onto Lyft. RideApp's Motion is a veiled and futile attempt to improperly expand its infringement contentions and to violate a deeply-ingrained principle of corporate law separating the actions of a parent and its subsidiaries.

For the reasons discussed herein, Lyft respectfully requests this Court deny RideApp's Motion for Leave to File a Second Amended Complaint.

**II. BACKGROUND**

On July 23, 2018, plaintiff RideApp filed a complaint against Lyft, Inc. in the Southern District of New York, alleging infringement of U.S. Patent No. 6,697,730 (hereinafter "the '730 Patent") by Lyft's rideshare products. Dkt 1. The case was assigned to Judge Lorna G. Schofield.

On September 20, 2018, at the case management conference, Lyft informed the Court of its intention to file a motion to transfer the case to the Northern District of California for the convenience of the parties and potential witnesses. In response, RideApp amended its complaint on September 28, 2018 to add new party Motivate, headquartered in New York. Just four business days later, on October 4, RideApp dismissed Motivate from the case, but left the allegations against Motivate's bikeshare product in the Amended Complaint. Dkt. 29. As promised, Lyft filed its motion for transfer on October 11, 2018 which the Court granted on November 16, 2018. Dkt. 46.

Before the case was transferred to this District, RideApp served its infringement contentions on November 5, 2018 under Judge Schofield's standing order adopting the Eastern District of Texas Local Patent Rules. RideApp's November 2018 contentions asserted claims 2, 3, and 6 of the '730 Patent and accused Lyft's rideshare and Motivate's bikeshare products of infringing these claims.

On March 11, 2019, the Parties filed a joint Case Management Statement in this District in which both RideApp and Lyft agreed to an April 3, 2019 deadline for providing infringement contentions under the Northern District of California Patent Local Rule 3-1. Dkt. 70. In the joint Statement, Lyft also informed the Court that it intended to file a Rule 12(c) motion to dismiss pursuant to 35 U.S.C. § 101. The Court adopted the Parties' proposed schedules setting April 3, 2019 as the deadline for serving infringement contentions pursuant to Patent Local Rule 3-1, and on March 18, 2019, in accordance with its disclosed intentions, Lyft filed its motion to dismiss pursuant to 35 U.S.C. § 101. Dkt. 72.

The agreed upon, and Court-ordered, date of April 3, 2019 for RideApp to serve infringement contentions under Patent Local Rule 3-1 passed with RideApp serving no updated infringement contentions. On April 10, 2019, RideApp filed the present motion for leave to amend its complaint a second time in conjunction with its opposition to Lyft's motion to dismiss. Dkts. 77, 78.

RideApp's proposed Second Amended Complaint differs in several ways from the current First Amended Complaint. See Ex. D (Defendant's marked-up version of proposed SAC, showing the differences). In particular, the second amended complaint attempts to: (1) add three new asserted claims (1, 4, and 5), (2) add a new accused product (Lyft Scooter) to the case, (3) substitute all

references to Motivate with Lyft (in an attempt to improperly attribute Motivate's accused bikeshare products to Lyft), (4) add background information purportedly in support of the patent eligibility of the claims (discussed more fully in Lyft's Reply in Support of its Motion to Dismiss, dkt. 79), and (5) remove all claims for injunctive relief.[1]

### III. LEGAL STANDARD

#### A. Timely Showing of Good Cause Required to Amend Infringement Contentions

This District places a high burden on a party seeking to amend infringement contentions. In particular, Patent Local Rule 3-6 states that "[a]mendment of the Infringement Contentions . . . may be made only by order of the Court upon a timely showing of good cause." This Court has made clear that a timely showing of good cause requires, among other things, that "[t]he moving party must demonstrate both (1) diligence in discovering the basis for amendment and (2) diligence in seeking amendment once the basis for amendment has been discovered." *Looksmart Group, Inc. v. Microsoft Corp.*, 17-cv-04709-JST, (N.D. Cal. Feb. 6, 2019) at 1–2 (internal indicia of quotation omitted) (citing *Positive Techs., Inc. v. Sony Elecs., Inc.*, No. C 11-2226 SI, 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013)). "The burden is on the movant to establish diligence rather than on the opposing party to establish a lack of diligence." *O2 Micro Intern. Ltd. v. Monolithic Power Sys. Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). Although the non-movant can oppose a motion for leave to amend the contentions by showing prejudice, "the moving party first must demonstrate diligence in amending its contentions. If the moving party is not able to meet that burden, it is unnecessary to examine the potential prejudice of the amendment to the non-moving party." *Allvoice Dev. US, LLC v. Microsoft Corp.*, 612 Fed. Appx. 1009, 1015 (Fed. Cir. 2015).

Both this Court and the Federal Circuit have made clear that this high burden is justified in light of the purposes of the Patent Local Rules. "The local patent rules in the Northern District of California are designed . . . [to] requir[e] both the plaintiff and the defendant in patent cases to

---

[1] Lyft does not oppose the removal of the claims for injunctive relief because such removal does not expand the scope of the case and would neither contravene PLR 3-1 or 3-6 nor be futile. Lyft opposes the other additions for the reasons further outlined below: the addition of new asserted claims and accused products contravenes the Patent Local Rules, the substitution of Lyft for Motivate violates deeply-ingrained corporate law principles, and the addition of background information will not affect the § 101 determination as explained in Lyft's Reply in Support of its Motion for Judgment on the Pleadings (dkt. 79).

provide early notice of their infringement and invalidity contentions." *O2 Micro,* 467 F.3d at 1365–66 (citing *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006)).  Freely allowing amendments to contentions would thwart the clear purpose of discovery, which "is designed to allow the defendant to pin down the plaintiff's theories of liability." *O2 Micro*, 367 F.3d at 1365 ("the contentions requirement . . . [is] a mechanism for shaping the conduct of discovery and trial preparation").  *Id.* at 1366.

        **B.**        **Parent Corporations are Not Liable for the Acts of Subsidiaries**

"It is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries."  *United States v. Bestfoods*, 524 U.S. 51, 61 (1998); *United States v. Bennett*, 621 F.3d 1131, 1137 (9th Cir. 2010).

"The veil separating corporations and their shareholders may be pierced in some circumstances . . . .  The doctrine of piercing the corporate veil, however, is the rare exception, applied in the case of fraud or certain other exceptional circumstances, and usually determined on a case-by-case basis."  *Dole Food Co. v. Patrickson*, 538 U.S. 468, 475 (2003) (citations omitted); *Bennett*, 621 F.3d at 1137 ("liabilities of the [sole shareholder] could not be imputed to the [subsidiary corporation] absent a showing that the corporate form had been abused.").  The burden of demonstrating that the rare circumstance should be applied, and the corporate veil pierced, falls on the party seeking to pierce the veil.  *See, e.g., Matter of Christian & Porter Aluminum Co.*, 584 F.2d 326, 338 (9th Cir. 1978).  "A mere allegation that a corporation is the alter ego of an individual shareholder is insufficient in the absence of allegations of facts from which alter ego will appear." 1 W. Fletcher, Cyclopedia of the Law of Private Corporations § 41.28 (rev. ed.1999); *see El Salto, S. A. v. PSG Co.*, 444 F.2d 477, 483 (9th Cir. 1971) ("The mere fact that Greenberg was the sole stockholder of PSG does not by itself make him the alter ego of the corporation"); *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 195 (2d Cir. 2010) ("a claim sufficient to 'overcome the presumption of separateness afforded to related corporations', is not established by the bare allegation that one corporation dominated and controlled another").

## IV. ARGUMENT

RideApp's Motion for Leave to File a Second Amended Complaint is a blatant attempt to avoid the high standard required to amend infringement contentions in this District under Patent Local Rule 3-6 and to instead to rely on the substantially lower standard to amend complaints. RideApp's Motion also seeks permission to formally attribute acts of Motivate, a subsidiary of Lyft, to Lyft itself. RideApp's proposed Second Amended Complaint adds no new causes of action and should be denied as futile.

### A. Plaintiff Seeks to Avoid the High Standard of Amending Infringement Contentions in this District by Seeking to Amend the Pleadings

Plaintiff's thinly-veiled intention to end-run around Patent Local Rule 3-6 and the burden it faces in amending its infringement contentions is clear. Indeed, Plaintiff even admits in its motion for leave to file a Second Amended Complaint that it is doing so in an attempt to enable it to file amended infringement contentions: "RideApp proposes supplementing its infringement contentions to address the newly-added infringing products and services and the newly-asserted claims within two weeks of being granted leave to file the SAC." Mot. at 6. In Exhibit B to Plaintiff's motion, Plaintiff's counsel also makes clear the same intent. *See* dkt. 77-2 at 2. This is neither within the spirit nor the letter of the Patent Local Rules. "Although federal courts are generally lenient in allowing parties to amend pleadings, such is not the case with amending preliminary infringement contentions." *Berger v. Rossignol Ski Co.*, No. 05-02523, 2006 WL 1095914, at *3 (N.D. Cal. Apr. 25, 2006) (citation omitted). Plaintiff cannot obviate the distinction between amending complaints and amending infringement contentions by using one to get to the other. Plaintiff's proposed amendment seeks to add new asserted patent claims 1, 4, and 5 and add new accusations against Lyft scooter products, none of which were disclosed in RideApp's infringement contentions.

To amend the infringement contentions, Plaintiff would be required to make a "timely showing of good cause" pursuant to Patent Local Rule 3-6. Contrary to Plaintiff's argument, Lyft does not "bear[] the burden of showing undue prejudice" (Mot. at 6). *See e.g., O2 Micro*, 467 F.3d at 1366 ("*The burden is on the movant* to establish diligence rather than on the opposing party to establish a lack of diligence.") (emphasis added). Plaintiff improperly seeks to add new asserted

claims and accused products into this case under the lower standard for amending pleadings—that it be freely given when justice so requires.[2]

### B. Plaintiff Has Not Provided a "Timely Showing of Good Cause" Required to Amend Infringement Contentions, Nor Could It

Plaintiff RideApp has not met its burden of providing a "timely showing of good cause" as required by Patent Local Rule 3-6 to amend the alleged infringement issues in the case. Plaintiff does not provide any evidence of good cause, as required. Indeed, no good cause is present. As outlined above, a timely showing of good cause requires that "[t]he moving party must demonstrate both (1) diligence in discovering the basis for amendment and (2) diligence in seeking amendment once the basis for amendment has been discovered," which Plaintiff cannot show here. *Looksmart Group,* 17-cv-04709-JST at 1 (internal indicia of quotation omitted).

#### 1. Plaintiff did Not Exercise Diligence in Discovering the Alleged Basis for the Proposed Amendments

Plaintiff seeks to add scooters to the products it contends infringe the '730 Patent and seeks to add additional allegations of infringement against bikeshare products, but cannot show diligence in discovering the existence of these products to support the new assertions. For example, the scooter products Plaintiff seeks to accuse launched well before the initial infringement contentions were served on November 5, 2018. *See* Exs. A and B (September 2018 press releases announcing Lyft Scooters). Likewise, the new assertions of Claims 1, 4, and 5 against the Motivate bikeshare products could have been included in Plaintiff's infringement contentions served November 5, 2018.[3] *See* Ex. C (July 2, 2018 press release announcing Lyft's agreement to acquire Motive, the largest bikeshare operator in North America). Despite multiple press releases regarding bikes and scooters, the existence and availability of scooters in multiple cities, and the fact that Plaintiff previously identified and accused the same Motivate bikeshare products of infringing claims 2, 3, and 6, Plaintiff claims that "Information regarding these new services, as well as information

---

[2] Indeed, even under the lower standard to amend pleadings, RideApp does not clearly establish that it should be permitted to amend the complaint. That is, even under the lower burden, the timing and stated purpose of Plaintiff's proposed Second Amended Complaint suggests undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice, and futility.

[3] Defendant maintains that Lyft Inc. does not perform these services and is not the proper party from which to seek relief for the reasons stated below.

regarding the completion of Lyft's acquisition of Motivate at the end of 2018, was revealed for the first time when Lyft filed its Form S-1 last month in preparation for its IPO." Dkt. 77 at 5.  This is plainly wrong.  Though it may have been the first time that Plaintiff discovered the scooter products, that evidences only a lack of diligence on Plaintiff's part in the discovery thereof.  Plaintiff's lack of diligence regarding bikeshare products is similarly glaring as Plaintiff previously accused the bikeshare products of infringing Claims 2, 3, and 6 and could have just as easily asserted Claims 1, 4, and 5 at the same time.  The publication of Lyft's S-1 does not provide any justification for Plaintiff's proposed amendments.  "[A]s a general rule, mistakes or omissions are not by themselves good cause." *Symantec Corp. v. Acronis Corp.*, No. 11-5310 EMC-JSC, 2013 WL 5368053, at *4 (N.D. Cal. Sept. 25, 2013) (citation omitted).  Plaintiff therefore cannot demonstrate any reasonable diligence in discovering the basis for its requested amendments.

If Plaintiff had exercised reasonable diligence, as required by Patent Local Rule 3-6, it would have discovered the scooter products and properly asserted the additional patent claims against the bikeshare products prior to filing its infringement contentions.  Plaintiff's infringement contentions would then have served their express purpose: "requiring both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions." *O2 Micro* 467 F.3d at 1365–66.  Due to Plaintiff's lack of diligence, neither the additional accused products nor the additional asserted patent claims that Plaintiff seeks to add could comply with the requirement that Plaintiff make a "timely showing of good cause" pursuant to Patent Local Rule 3-6.  Now that Plaintiff has served infringement contentions, it faces a high burden to expand the scope of the litigation.

### 2. Plaintiff did Not Exercise Diligence in Seeking Amendment Once the Alleged Basis for Amendment was Discovered

Just as Plaintiff failed to exercise diligence in discovering the products it seeks to accuse and the claims it seeks to assert, it also failed to exercise diligence in seeking leave from the Court to amend its infringement contentions.  Plaintiff has waited more than five months after service of its infringement contentions to now move to amend the complaint a second time and then seek to amend the infringement contentions.  As discussed above, if Plaintiff had been diligent from the beginning,

1  no amendment to the infringement contentions would have been required.  However, Plaintiff
2  provides no explanation or justification for why it failed to initially include the new functionality or
3  patent claims in its November 5, 2018 infringement contentions, in conjunction with this Court's
4  April 3, 2019 deadline, or even now after seeking an amendment to the pleadings.  In particular, this
5  Court has previously held that a delay of even three months demonstrates a lack of diligence.  *See*
6  *e.g., O2 Micro,* 467 F.3d at 1367 (affirming holding of no diligence after just three months between
7  when amendments could have been made and when the motion was filed).  Indeed, Plaintiff
8  continues to try hide the ball with respect to the new allegations.  Not only has Plaintiff refused to
9  disclose the full scope of its proposed amendments to the complaint (Ex. D had to be made by Lyft
10 based on Plaintiff's motion), but Plaintiff has not even suggested what amendments would be made
11 to the infringement contentions.  *See e.g.,* dkt. 77-2.

12       Plaintiff argues that it has been diligent since Lyft publicly disclosed certain information in
13 its S-1 form on March 1, 2019.  However, Plaintiff fails to demonstrate, as it must ("[t]he moving
14 party must demonstrate," *Looksmart Group,* 17-cv-04709-JST at 1), how the S-1 provided it with
15 information that it could not have previously obtained.  In fact, there is no information contained in
16 Lyft's March 1, 2019 Form S-1 that makes it "the basis for amendment [that] has been discovered."
17 *Id.*  That is, although Plaintiff cites to the S-1 in the proposed Second Amended Complaint, none of
18 the cited portions affect the alleged basis for amendment—the existence and functionality of the
19 scooter and bikeshare products.  The existence of Lyft's scooter products and Motivate's bikeshare
20 products were all publicly known well in advance of the March 1 Form S-1 filing. Plaintiff
21 references statements in the S-1 regarding the value or revenue from the scooter and bikeshare
22 products; this does not affect whether or not those services are provided and/or whether they
23 allegedly infringe.  *See e.g.*, dkt. 77-1 (proposed Second Amended Complaint) at ¶¶75–82.  Indeed,
24 Plaintiff's proposed Second Amended Complaint does not even rely on Lyft's S-1 as allegedly
25 showing infringement.  *See e.g., id.* at Count VIII-Count XII (not citing to ¶¶75–82).  Therefore,
26 any allegation of diligence since March 1 is merely a farce.
27       Plaintiff has failed to "demonstrate both (1) diligence in discovering the basis for amendment
28 and (2) diligence in seeking amendment once the basis for amendment has been discovered," but

has also failed to demonstrate that Lyft would not be unfairly prejudiced by the proposed amendments to the complaint and infringement contentions. In particular, based on the allegations in this case, Lyft filed a petition for *Inter Partes Review* of the '730 Patent, addressing only the asserted claims. If Plaintiff were allowed to now amend the infringement contentions to add additional claims based on information it should have known before it served its initial infringement contentions, Plaintiff would be prejudiced at least with respect to the ability to file further *Inter Partes Review* petitions, and burdens associated with the same. For example, just the additional filing fees would be over $30,000 (which could have been avoided entirely if Lyft had the opportunity to address the additional claims in the original petition), in addition to the cost of preparing a separate petition. Further, the one-year statutory bar for filing an *Inter Partes Review* petition is fast approaching without proposed infringement contentions from Plaintiff.

Plaintiff's lack of requisite diligence also affects the case schedule. In particular, if Plaintiff were allowed to now amend the infringement contentions, the current scheduling order in this case would have to be revised to address the newly asserted claims affecting the deadlines for invalidity contentions, claim construction disclosures, and the claim construction hearing. As the schedule currently stands, Lyft's invalidity contentions are due May 20, 2019 and claim construction disclosures begin on June 3, 2019.

### C. Plaintiff RideApp Improperly Seeks to Attribute Motivate's Acts to Lyft

In addition to improperly seeking to add new asserted claims and accused products to the case, Plaintiff RideApp also seeks to universally substitute references to Motivate with references to Lyft. For example, in its Amended Complaint, RideApp stated that "Motivate develops and operates bicycle-sharing networks and services . . ." (at ¶37); whereas, in its proposed Second Amended Complaint, RideApp states that "Lyft operates bicycle-sharing networks and services . . ." (at ¶53). *See* Ex. D (redline of amended complaint to proposed Second Amended Complaint). This proposed amendment is problematic for at least three reasons. First, Motivate and other subsidiaries, not Lyft, operate the bikesharing products. *See* Ex. H (Decl. of Jules Flynn). Second, RideApp is well aware that Motivate exists as separate entity from Lyft, despite recently becoming owned by Lyft. Finally, Judge Schofield specifically admonished RideApp's previous attempts to

1  attribute Motivate's activities to Lyft.  Together, these facts show that RideApp's proposed
2  substitution of Motivate with Lyft is not only futile, but also suggests bad faith.

3  In November 2018, Lyft acquired Motivate, the largest bikesharing platform in the United
4  States.  *See* Ex. E (excerpts of Lyft's March 1 Form S-1) at F-23.  As explained in Lyft's March 1
5  Form S-1, Motivate and Lyft exist as separate corporate entities, with Motivate and other
6  subsidiaries operating the specific bikeshare products accused here.  *See* Ex. E (excerpts of Lyft's
7  March 1 Form S-1) at F-23–F-25 (discussing "the Company," Lyft, and Motivate as separate
8  entities"); Ex. H (Decl. of J. Flynn) at ¶¶2–3.  Motivate and other Lyft subsidiaries (including Jersey
9  City Bike Share, LLC; Bay Area Motivate, LLC; Motivate Massachusetts, LLC; and Motivate
10 Minnesota, LLC) are responsible for operating the Citibike, Ford GoBike, BlueBikes, Divvy,
11 Capital Bikeshare, Cogo, Biketown, and Niceride bikeshare services accused in this case.  Ex. H
12 (Decl. of J. Flynn) at ¶3.  Each of these subsidiaries is a separate corporate entity from Lyft.  Ex. H
13 (Decl. of J. Flynn) at ¶2.  In addition, RideApp's own exhibit filed with the Court in conjunction
14 with its short-lived attempt to add Motivate as a party to this lawsuit clearly states that Motivate and
15 Lyft would operate as separate companies after the acquisition:

> Motivate's bike maintenance and servicing operations will remain a standalone business, retaining the Motivate name, and will continue to support bikeshare systems across North America.

18 Ex. G (Exhibit to RideApp's Opposition to Lyft's motion to transfer) at 2.
19 In the event RideApp overlooked the explanations in both the July 2018 press release it
20 previously filed with the Court and Lyft's S-1 it liberally cited in the present Motion, Lyft also
21 specifically explained its relationship with Motivate in a December 2018 letter to RideApp's lead
22 counsel Jeff Toney.  *See* Ex. F (Dec. 19, 2018 letter from J. Taylor to J. Toney).  The December
23 2018 letter to Mr. Toney explained that Motivate "continues to exist as a separate corporate entity
24 and its acts are not attributable to Lyft."  *Id*. at 2.  Because Motivate and Lyft are separate entities,
25 the December 2018 letter specifically asked RideApp to withdraw any allegations related to
26 bikeshare products improperly attributed to Lyft.  *Id*.  RideApp never responded to the December
27 2018 letter.
28 Plaintiff has not alleged in any complaint or motion, including its proposed Second Amended

1  Complaint, facts that would support holding Lyft liable for allegations involving the activities of
2  one of its separate corporate entity subsidiaries.  As Plaintiff recognizes, Lyft only recently
3  completed acquisition of Motivate, which was a fully-functioning (and indeed, highly successful)
4  business before such acquisition.

5  Finally, Judge Lorna Schofield, in her November 15, 2018 ruling from the bench,
6  specifically admonished RideApp for attempting to attribute acts by Lyft's soon-to-be subsidiary
7  Motivate to Lyft, stating that "[i]t is a general principle of corporate law deeply ingrained in our
8  economic and legal systems that a parent corporation is not liable for the acts of its subsidiaries"
9  and that there is "no factual basis for Lyft to be held liable for Motivate's acts."  Ex. I (excerpt from
10 November 15, 2018 Hearing Tr.) at 4–5.  Plaintiff has offered no basis to justify its insistence on
11 attributing Motivate's activities to Lyft, especially in view of both a Court order to the contrary.

12 **D.    Plaintiff's Proposed Amendments are Futile**

13 Plaintiff RideApp's proposed Second Amended Complaint is futile for the following three
14 reasons.

15 With respect to RideApp's attempt to assert new patent claims and accuse new Lyft products,
16 RideApp has not attempted to meet the high standard required for amending infringement
17 contentions in this district—nor can it.  RideApp cannot show diligence in both discovering the new
18 allegations and seeking amendment since the relevant facts have been publicly available for over
19 five months from when RideApp served its infringement contentions.  *See, e.g., Symantec Corp.*,
20 2013 WL 5368053, at *4 ("[A]s a general rule, mistakes or omissions are not by themselves good
21 cause.") (citation omitted).

22 With respect to RideApp's proposal to substitute all references to Motivate with Lyft (in an
23 attempt to improperly attribute the accused bikeshare products to Lyft), RideApp has not made any
24 effort to meet the high standard of piercing the corporate veil between Lyft and Motivate (or any
25 other subsidiary).  Motivate and its parent, Bikeshare Holdings LLC, are subsidiaries of Lyft that
26 operate as separate corporate entities, and RideApp's previous attempts to attribute Motivate's
27 actions to Lyft were rejected by the Southern District of New York.  *See, e.g.*, *Bestfoods*, 524 U.S.
28 at 61 ("It is a general principle of corporate law deeply 'ingrained in our economic and legal

systems' that a parent corporation . . . is not liable for the acts of its subsidiaries.")

With respect to RideApp's attempt to include additional background information about the inventor and asserted Patent to avoid a § 101 ruling on the pleadings, RideApp's additions do not affect the § 101 analysis as explained in Lyft's Reply in Support of its Motion for Judgement on the Pleadings (*see* dkt. 79).  Patent claims directed to patent-ineligible subject matter cannot be cured through amendment of a complaint.  *See Papst Licensing GmbH & Co. KG v. Xilinx Inc.*, 193 F. Supp. 3d 1069, 1095 (N.D. Cal. 2016), aff'd, 684 Fed. Appx. 971 (Fed. Cir. 2017).

V.  CONCLUSION

For the reasons stated, Defendant Lyft respectfully requests the Court deny Plaintiff RideApp's Motion for Leave to File a Second Amended Complaint.

Dated:  April 24, 2019                    Respectfully submitted,

**BAKER BOTTS L.L.P.**

 _/s/ Jeremy J. Taylor_

Bryant C. Boren, Jr. (SBN 260602)
bryant.c.boren@bakerbotts.com
Elizabeth K. Boggs (SBN 280555)
betsy.boggs@bakerbotts.com
Keith M. Jurek (SBN 310856)
keith.jurek@bakerbotts.com
**BAKER BOTTS L.L.P.**
1001 Page Mill Road
Building One, Suite 200
Palo Alto, California 94304
Phone: (650) 739-7500
Fax: (650) 739-7699

Jeremy J. Taylor (SBN 249075)
jeremy.taylor@bakerbotts.com
**BAKER BOTTS L.L.P.**
101 California Street, Suite 3600
San Francisco, CA 94111
Tel: (415) 291-6200
Fax: (415) 291-6300

Jennifer C. Tempesta (*admitted pro hac vice*)
jennifer.tempesta@bakerbotts.com
**BAKER BOTTS L.L.P.**
30 Rockefeller Plaza
New York, NY 10112
Phone: (212) 408-2500
Fax: (212) 408-2501

*Attorneys for Defendant LYFT, INC.*