1

2

3

4                    UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6

7    RIDEAPP, INC.,                          Case No. 18-cv-07152-JST

8                    Plaintiff,              **ORDER GRANTING IN PART**
                                             **MOTION FOR LEAVE TO FILE**
9          v.                                **SECOND AMENDED COMPLAINT;**
                                             **TERMINATING AS MOOT MOTION**
10   LYFT, INC.,                             **FOR JUDGMENT ON THE**
                                             **PLEADINGS; AND AMENDING**
11                   Defendant.              **DEADLINE TO AMEND THE**
                                             **PLEADINGS**
12
                                             Re: ECF Nos. 72, 77
13

14         Before the Court are Defendant Lyft, Inc.'s motion for judgment on the pleadings and

15   Plaintiff RideApp, Inc.'s motion for leave to file a second amended complaint.  ECF Nos. 72, 77.

16   The Court will grant RideApp's motion in part and deny it in part, and it will terminate Lyft's

17   motion as moot.

18   **I.    BACKGROUND**

19         RideApp filed this patent infringement action in the United States District Court for the

20   Southern District of New York on July 23, 2018, alleging that Lyft's ride-sharing services directly

21   and indirectly infringe Claims 2, 3, and 6 of U.S. Patent No. 6,697,730 ("the '730 Patent").  ECF

22   No. 1.  Before Lyft filed a responsive pleading, RideApp amended its complaint as of right on

23   September 28, 2018.  ECF No. 29.  The amended complaint added Motivate International, Inc. as

24   a defendant and alleged that Motivate's bike-sharing services also directly and indirectly infringe

25   the '730 Patent.  *Id.*  The amended complaint further alleged that Motivate "was acquired by Lyft

26   in or around July 2018."  *Id.* ¶ 37.  On October 9, 2018, Motivate was voluntarily dismissed

27   without prejudice, leaving Lyft as the only defendant.  ECF No. 34.

28         Lyft filed a motion to transfer venue to the Northern District of California on October 11,

United States District Court
Northern District of California

United States District Court
Northern District of California

2018, and an answer to the amended complaint the following day.  ECF Nos. 36, 40.  The court granted Lyft's motion to transfer on November 16, 2018, and the case was transferred into this district on November 27, 2018.  ECF Nos. 46, 48.  Prior to transfer, RideApp served patent infringement contentions on November 5, 2018.  ECF No. 77 at 3.  According to Lyft, and as not disputed by RideApp, these "contentions asserted claims 2, 3, and 6 of the '730 Patent and accused Lyft's rideshare and Motivate's bikeshare products of infringing these claims."  ECF No. 80 at 6.

On March 11, 2019, the parties filed a joint case management statement in which they agreed that RideApp would serve infringement contentions in compliance with Patent Local Rule 3-1 by April 3, 2019.  ECF No. 70 at 12, 14.  The Court adopted the parties' proposed schedule at the March 20, 2019 case management conference and subsequently set a July 10, 2019 deadline to amend the pleadings.  ECF Nos. 73, 74.

Lyft filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) on March 18, 2019, arguing that "each of the asserted patent claims is patent-ineligible under 35 U.S.C. § 101."  ECF No. 72 at 6.  RideApp filed a motion for leave to amend the complaint on April 10, 2019, along with its opposition to Lyft's motion.  ECF Nos. 77, 78.  RideApp did not serve any infringement contentions in compliance with Patent Local Rule 3-1 by the April 3 deadline, nor does it appear that it has done so since that time.

RideApp cites its proposed second amended complaint ("SAC"), rather than the currently operative complaint, throughout its opposition to Lyft's motion.  ECF No. 78.  In its motion for leave to amend, RideApp states that its proposed SAC addresses Lyft's arguments in its 12(c) motion that the Amended Complaint does not sufficiently allege that the '730 Patent improves existing technologies or includes inventive concepts."  ECF No. 77 at 7.  RideApp also seeks to remove its claims for injunctive relief; add allegations concerning Lyft's scooter services; add direct and indirect infringement causes of action as to Claims 1, 4, and 5 of the '730 Patent; and assert against Lyft allegations relating to bikeshare services that were previously asserted against Motivate, which RideApp contends was acquired by Lyft at the end of 2018.  *Id.* at 5; ECF No. 77-1 (proposed SAC).

## II.     LEGAL STANDARD

Although RideApp styled its motion as seeking only leave to amend the complaint, it also proposes "supplementing its infringement contentions to address the newly-added infringing products and services and the newly-asserted claims within two weeks of being granted leave to file the SAC."  ECF No. 77 at 6.  Thus, the Court must consider whether the motion should be governed by Federal Rule of Civil Procedure 15(a)(2), under which a "court should freely give leave [to amend a pleading] when justice so requires," or the more stringent Patent Local Rule 3-6, which requires "a timely showing of good cause" before leave to amend infringement contentions may be granted.  While "there is some overlap" in the analysis under both rules, a primary difference is that, "under Patent Local Rule 3-6, if there is no showing of diligence, then a court need not even entertain whether the amendment would prejudice the nonmoving party," whereas, "under Rule 15, undue delay by itself is insufficient to justify denying a motion to amend." *Trans Video Elecs., Ltd. v. Sony Elecs., Inc.*, 278 F.R.D. 505, 507-08 (N.D. Cal. 2011) (internal quotation marks and citation omitted), *aff'd*, 475 F. App'x 334 (Fed. Cir. 2012) (per curiam).

As this Court previously observed, "It would be a strange result if a patent plaintiff were to be permitted to amend the complaint to add a new patent infringement claim, and then denied the ability to amend the infringement contentions to reflect that change." *SAGE Electrochromics, Inc. v. View, Inc.*, No. 12-cv-6441-JST, 2014 WL 1379282, at *2 (N.D. Cal. Apr. 8, 2014).  But this does not answer the question of whether leave to amend the complaint or leave to amend infringement contentions should be considered first.  RideApp cites *SAGE Electrochromics* for the proposition that this Court has already determined that Rule 15 should apply in these circumstances.  However, while the Court did apply Rule 15 rather than Rule 3-6 in that case, the defendant there – unlike Lyft here – did not argue that the Rule 3-6 standard applied to the motion. *Id.* at *2.  Therefore, the question of which standard applied was not squarely before the Court in that case, as it is here.

Courts in this district have taken different approaches to that question.  One court concluded that "granting plaintiff leave to file an amendment to the complaint" under Rule 15 was not "precluded by the fact that deadlines already exist for service of infringement contention[s]

United States District Court
Northern District of California

1    pursuant to the Patent Local Rules." *SAP Aktiengesellschaft v. i2 Techs., Inc.*, 250 F.R.D. 472,

2    475 (N.D. Cal. 2008).  This was so, that court reasoned, because "[l]eave to amend the pleadings,

3    pursuant to Rule 15(a), constitutes" the "good cause" required to amend infringement contentions

4    under Rule 3-6.  *Id.*  Another court took the opposite approach and first considered whether to

5    allow leave to amend the infringement contentions before determining whether to grant leave to

6    amend the complaint.  *Advanced Micro Devices, Inc. v. LG Elecs., Inc.*, No. 14-cv-01012-SI, 2017

7    WL 2774339, at *4-5 (N.D. Cal. June 26, 2017).  The court addressed the questions in that order

8    because an "amended complaint would be futile if the Court denies leave to amend the

9    infringement contentions." *Id.* at *4.

10          This Court finds the second approach to be more persuasive.  To allow the more lenient

11   Rule 15 standard to control the analysis would eviscerate the Patent Local Rules.  "[C]ourts in this

12   district expect patent plaintiffs to assert their theories of the case and stick to them, absent good

13   cause to change course." *Id.* at *3.  The Federal Circuit has upheld the Patent Local Rules'

14   approach, finding "nothing in the Federal Rules that is inconsistent with local rules requiring the

15   early disclosure of infringement and invalidity contentions and requiring amendments to

16   contentions to be filed with diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467

17   F.3d 1355, 1366 (Fed. Cir. 2006).  "Good cause" to amend infringement and invalidity contentions

18   "requires a showing of diligence," and "[i]f the parties were not required to amend their

19   contentions promptly after discovering new information, the contentions requirement would be

20   virtually meaningless as a mechanism for shaping the conduct of discovery and trial preparation."

21   *Id.*

22          Thus, the Court now holds that when a party in a patent case seeks leave to amend the

23   pleadings, and where such leave, if granted, would require the party to amend its infringement or

24   invalidity contentions, the party seeking amendment must satisfy Patent Local Rule 3-6 and not

25   simply Federal Rule of Civil Procedure 15.  The Rule 3-6 inquiry "considers first whether the

26   moving party was diligent in amending its contentions and then whether the nonmoving party

27   would suffer prejudice if the motion to amend were granted.  The burden is on the movant to

28   establish diligence rather than on the opposing party to establish lack of diligence." *Radware Ltd.*

4

1   *v. F5 Networks, Inc.*, No. C-13-02021-RMW, 2014 WL 3728482, at *1 (N.D. Cal. July 28, 2014)

2   (internal quotation marks and citations omitted).  The moving party must demonstrate both

3   "(1) diligence in discovering the basis for amendment" and "(2) diligence in seeking amendment

4   once the basis for amendment has been discovered." *Positive Techs., Inc. v. Sony Elecs., Inc.*, No.

5   C 11-2226 SI, 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013).  If the moving party was not

6   diligent, there is "no need to consider the question of prejudice." *O2 Micro Int'l*, 467 F.3d at

7   1368.

8        Where amendment of infringement or invalidity contentions is not required, and a court

9   has not set a case management schedule that requires "good cause" to modify under Federal Rule

10   of Civil Procedure 16(d)(4), the Rule 15 liberal pleading standard applies.  Under that standard,

11   "[c]ourts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad

12   faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

13   amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

14   the amendment, [or] futility of amendment.'" *Sonoma Cty. Ass'n of Retired Employees v. Sonoma*

15   *Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (first alteration in original) (quoting *Foman v. Davis*,

16   371 U.S. 178, 182 (1962)).  Of these factors, "prejudice to the opposing party . . . carries the

17   greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

18   "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v.*

19   *Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

20 **III.   DISCUSSION**

21        Lyft does not oppose RideApp's motion to the extent it seeks to remove from the

22   complaint claims for injunctive relief.  The Court will grant that portion of the motion as

23   unopposed.

24        Regarding RideApp's desire to add Lyft's scooter products and Claims 1, 4, and 5 of the

25   '730 Patent to the complaint – both of which would require amendment of RideApp's

26   infringement contentions – RideApp does not address in either its motion or its reply whether it

27   has satisfied the requirements of Patent Local Rule 3-6.  However, RideApp does assert in its

28   motion that "[i]nformation regarding [Lyft's] new [scooter] services, as well as information

United States District Court
Northern District of California

1  regarding the completion of Lyft's acquisition of Motivate at the end of 2018, was revealed for the

2  first time when Lyft filed its Form S-1 last month [March 2019] in preparation for its IPO."  ECF

3  No. 77 at 5.  If true, this might support a finding of diligence.  But Lyft has presented uncontested

4  evidence that its acquisition of Motivate, including of its "technology," was announced in early

5  July 2018, and that its scooter services were publicly announced in early September 2018.  ECF

6  Nos. 80-2 to 80-4.  RideApp is therefore incorrect when it argues that these aspects of Lyft's

7  services were "revealed for the first time" in March 2019.  ECF No. 77 at 5.  Indeed, RideApp

8  itself attached the July 2018 press release regarding Lyft's acquisition of Motivate to its

9  October 19, 2018 opposition to Lyft's motion to transfer.  ECF No. 80-1 ¶ 8; ECF No. 42-6.  And

10  RideApp now relies on that press release to support its argument that "Lyft would operate the

11  technology and contracts [acquired from Motivate], which is the portion of the bikesharing

12  business that infringes the '730 Patent."  ECF No. 81 at 4.

13            On reply, RideApp makes three arguments regarding diligence:

14            First, even if RideApp already had learned of Lyft's new scooter
               service *and* had time to conduct a proper pre-suit investigation (it
15            had not), it would have been inappropriate to seek to amend the
               complaint in the middle of briefing on the motion to transfer.
16            Second, it would have been improper for RideApp to include
               infringement contentions regarding new claims relating to Lyft's
17            scooter business when those claims had not yet been added to the
               case.  Third, it is disingenuous for Lyft to now claim that RideApp
18            should have added infringement contentions regarding those Lyft
               scooters based on its press releases while Lyft contemporaneously
19            was arguing that RideApp should not have relied on Lyft's press
               releases regarding its bikeshare business during briefing on the
20            motion to transfer.

21  ECF No. 81 at 6 (emphasis in original).  None is persuasive.  As to the first argument, RideApp

22  fails to explain why it did not learn of Lyft's scooter services before reviewing Lyft's Form S-1, or

23  why a diligent actor would not have done so.  Nor does it attempt to explain what time it would

24  have taken "to conduct a proper pre-suit investigation," what such an investigation by a diligent

25  actor would have looked like, or whether it conducted such an investigation after reviewing Lyft's

26  Form S-1.  RideApp also does not explain why it could not have filed a motion for leave to amend

27  before the motion to transfer was filed, while the motion to transfer was under submission, or

28  during the first four months that the case was pending before this Court.  RideApp asserts that

6

United States District Court
Northern District of California

"[t]he case was effectively on hiatus during the period between the transfer of the case and the filing of the joint statement," but any such "hiatus" was self-imposed. ECF No. 81 at 2. Similarly, RideApp's second argument says nothing about its diligence either in discovering the basis for the amendment or in seeking amendment once that basis was discovered. That the proposed new claims had not yet been added to the case is a direct result of RideApp's failure to seek leave to do so, and RideApp has not explained why it could not have sought leave prior to its filing of this motion. As to RideApp's third argument, RideApp presents no evidence that Lyft argued that "RideApp should not have relied on Lyft's press releases regarding its bikeshare business during briefing on the motion to transfer." ECF No. 81 at 6. But even if it had, the press releases are different in kind: The press release about Lyft's scooter services announced that such services were actually available and being offered by Lyft, whereas the press release regarding bikeshare services announced Lyft's acquisition of Motivate, not that Lyft was itself launching bikeshare services. *Compare* ECF No. 80-2 *with* ECF No. 80-4. RideApp has not persuaded the Court that it has acted diligently, and the Court will deny the motion for leave to amend the complaint to add Claims 1, 4, and 5 of the '730 Patent or Lyft's scooter services to this lawsuit.

Lyft does not contend that RideApp's request to substitute Lyft for Motivate in all of the allegations concerning bikeshare services would require amendment of RideApp's infringement contentions, which already accused Motivate's bikeshare products of infringing Claims 2, 3, and 6 of the '730 Patent. The Court therefore applies Federal Rule of Civil Procedure 15, rather than Patent Local Rule 3-6, to this portion of RideApp's motion. Lyft argues that amendment should be denied as futile because RideApp "has not made any effort to meet the high standard of piercing the corporate veil between Lyft and Motivate." ECF No. 80 at 15. However, denial of leave to amend based on futility "is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Clarke v. Upton*, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)). The Court will do so here and will allow amendment without prejudice to Lyft's raising this argument by subsequent motion.

Finally, the Court considers RideApp's request to amend the complaint "to address issues

United States District Court
Northern District of California

1  raised in Lyft's . . . motion for judgment on the pleadings." ECF No. 77 at 5.  The Court likely

2  would have granted leave to amend if it determined that Lyft's motion had merit.  *See Aatrix*

3  *Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1126-28 (Fed. Cir. 2018) (finding

4  abuse of discretion where district court denied leave to amend after dismissing complaint on

5  grounds of patent ineligibility); *but see Papst Licensing GmbH & Co. KG v. Xilinx Inc.*, 193 F.

6  Supp. 3d 1069, 1095 (N.D. Cal. 2016) (dismissing with prejudice infringement claims where "the

7  asserted claims are directed to patent-ineligible subject matter, a defect which cannot be cured

8  through amendment of a complaint"), *aff'd*, 684 F. App'x 971 (Fed. Cir. 2017) (per curiam).

9  Since RideApp implicitly concedes the merit of Lyft's motion by citing the proposed SAC rather

10  than the first amended complaint throughout its opposition, ECF No. 78, the Court will grant

11  RideApp's motion for leave to amend the complaint to the extent that the proposed amendments

12  are designed to "address issues raised" in Lyft's motion.  ECF No. 77 at 5.

13      The Court anticipates that Lyft will file a motion to dismiss the SAC once it has been

14  filed.[1]  If the Court grants such a motion, it will be unlikely to provide RideApp with a further

15  opportunity to attempt to cure the deficiencies identified by Lyft's motion for judgment on the

16  pleadings.  Before filing its SAC, RideApp should therefore consider whether it believes any

17  further amendments, in addition to those proposed in RideApp's motion for leave to amend, might

18  be necessary to cure the deficiencies identified in Lyft's motion.

19                                **CONCLUSION**

20      RideApp's motion for leave to file a second amended complaint is granted in part and

21  denied in part.  RideApp shall file a second amended complaint consistent with this order on or

22  / / /

23  / / /

24  / / /

25  / / /

26

27  _____

28  [1] The parties might also consider whether a stay pending *inter partes* review would be appropriate. *See, e.g., Uniloc USA Inc. v. LG Elecs. U.S.A. Inc.*, No. 18-cv-06737-JST, 2019 WL 1905161 (N.D. Cal. Apr. 29, 2019) (granting motion to stay).

before June 14, 2019, which date shall also be the amended deadline to amend the pleadings.  *See*

ECF No. 74.  Lyft's motion for judgment on the pleadings is terminated as moot.

**IT IS SO ORDERED.**

Dated:  May 14, 2019



                  JON S. TIGAR
            United States District Judge