Jeremy J. Taylor (SBN 249075)
jeremy.taylor@bakerbotts.com
**BAKER BOTTS L.L.P.**
San Francisco, CA 94111
Tel: (415) 291-6200
Fax: (415) 291-6300

Bryant C. Boren, Jr. (SBN 260602)
bryant.c.boren@bakerbotts.com
Elizabeth K. Boggs (SBN 280555)
betsy.boggs@bakerbotts.com
John F. Gaustad (SBN 279893)
john.gaustad@bakerbotts.com
Keith M. Jurek (SBN 310856)
keith.jurek@bakerbotts.com
**BAKER BOTTS L.L.P.**
1001 Page Mill Road
Building One, Suite 200
Palo Alto, California 94304
Phone: (650) 739-7500
Fax: (650) 739-7699

Jennifer C. Tempesta (*admitted pro hac vice*)
**BAKER BOTTS L.L.P.**
30 Rockefeller Plaza
New York, NY 10112
Phone: (212) 408-2500
Fax: (212) 408-2501

*Attorneys for Defendant LYFT, INC.*

JEFFREY J. TONEY (*pro hac vice*)
RALPH E. GASKINS (*pro hac vice*)
JACKIE L. TONEY (*pro hac vice*
PAUL G. WILLIAMS (*pro hac vice*)
**KASOWITZ BENSON TORRES LLP**
1349 West Peachtree Street NW, Suite 1500
Atlanta, Ga 30309
Telephone: (404) 260-6080
Facsimile: (404) 260-6081
jtoney@kasowitz.com
rgaskins@kasowitz.com
jatoney@kasowitz.com
pwilliams@kasowitz.com

LYN R. AGRE (SBN 178218)
MARGARET A. ZIEMIANEK (SBN 233418)
**KASOWITZ BENSON TORRES LLP**
101 California Street, Suite 2300
San Francisco, California 94111
Telephone: (415) 421-6140
Facsimile: (415) 398-5030
lagre@kasowitz.com
mziemianek@kasowitz.com

Attorneys for Plaintiff RIDEAPP, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| RIDEAPP, INC., <br><br> Plaintiff, <br><br> v. <br><br> LYFT, INC., <br><br> Defendant. | Case No. 18-CV-07152-JST <br><br> **PATENT L.R. 4-3 JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT** |

Pursuant to Patent L.R. 4-3, Plaintiff RideApp, Inc. ("RideApp") and Defendant Lyft, Inc. ("Lyft") submit the following Joint Claim Construction and Prehearing Statement for the upcoming hearing on RideApp's U.S. Patent No. 6,697,730 (the "'730 Patent").

## I.   THE CONSTRUCTION OF THOSE TERMS ON WHICH THE PARTIES AGREE (PATENT L.R. 4-3(a))

The parties have agreed upon the following partial constructions for the following terms:

| Term | Claim(s) | Proposed Construction |
|---|---|---|
| "a wireless means of informing the passenger of the assignment and updated expected arrival time" | 3 | The parties agree that—if the Court finds the function of this means-plus-function phrase definite—the phrase claims the following functions: <br><br> "(1) informing the passenger of the assignment" and (2) "informing the passenger of the expected time at which the vehicle and passenger will meet, including updates to the arrival time" |
| "a wireless means of detecting the proximity of the passenger and alerting the passenger of the proximity of the vehicle" | 6 | The parties agree that—if the Court finds the function of this means-plus-function phrase definite—the phrase claims the following functions: <br><br> "(1) detecting when the passenger is within a certain proximity to the vehicle" and (2) "alerting the passenger of the proximity" <br><br> This construction is subject to the Court's construction of "proximity," which is a term still disputed by the parties. |

## II.   EACH PARTY'S PROPOSED CONSTRUCTION OF EACH DISPUTED TERM AND IDENTIFICATIONS OF EACH PARTY'S INTRINSIC AND EXTRINSIC EVIDENCE (PATENT L.R. 4-3(b))

RideApp's proposed construction of each disputed term and its identification of intrinsic and extrinsic evidence is attached as Appendix A.  Lyft's proposed construction of each disputed term and its identification of intrinsic and extrinsic evidence is attached as Appendix B.

## III.   IDENTIFICATIONS OF (1) THE 10 MOST SIGNIFICANT TERMS AND (2) WHETHER THOSE TERMS WILL BE CASE OR CLAIM DISPOSITIVE (PATENT L.R. 4-3(c))

The parties agree that the following 10 terms are the most significant and include below an identification of the term is case or claim dispositive.  The terms are ranked in the same order in Appendices A and B.

| No. | Term | Claim(s) | Case or Claim Dispositive |
|---|---|---|---|
| 1 | "a central data system for tracking passenger transportation vehicle usage and distributing periodic invoices for the usage" | 2, 3, and 6 | Case Dispositive |

1

| No. | Term | Claim(s) | Case or Claim Dispositive |
|---|---|---|---|
| 2 | "a wireless means of on-demand allocation of a passenger to a specific vehicle through the central data system" | 2 and 3 | Claim Dispositive |
| 3 | "a wireless means of informing the passenger of the assignment and updated expected arrival time" | 3 | Claim Dispositive |
| 4 | "a wireless means of detecting the proximity of the passenger and alerting the passenger of the proximity of the vehicle" | 6 | Claim Dispositive |
| 5 | "periodic" | 2, 3, and 6 | Case Dispositive* |
| 6 | "unified billing" | 2, 3, and 6 | Case Dispositive* |
| 7 | "tracking passenger transportation vehicle usage" | 2, 3, and 6 | Case Dispositive |
| 8 | "wireless communication between passengers, vehicles, and the central data system" | 2, 3, and 6 | Case Dispositive |
| 9 | "proximity" | 6 | N/A |

*Lyft contends that construction of these terms is case dispositive; RideApp disagrees.

## IV.   THE ANTICIPATED LENGTH OF TIME NECESSARY FOR THE CLAIM CONSTRUCTION HEARING (PATENT L.R. 4-3(d))

The parties anticipate that the claim construction hearing will take the maximum two-and-a-half hours that the Court has indicated it will reserve.  *See* Docket No. 74 at 2:14–15.

## V.   THE IDENTITY OF ANTICIPATED WITNESSES (PATENT L.R. 4-3(e))

The parties are continuing to discuss whether to call or otherwise make available live witnesses at the claim construction hearing and will promptly update the Court when they reach agreement.  The parties have already agreed that their respective experts will submit declarations, and that the parties will make their respective experts available for cross-examination via depositions.  Pursuant to the Joint Stipulation and Order Extending Time for Motion to Dismiss Briefing and Expert Claim Construction Discovery, the parties will submit the declarations from their respective experts with their respective claim construction briefs and will make their experts available for deposition shortly thereafter.  *See* Docket No. 91 at 1:25–2:10.

## VI.   FACTUAL FINDINGS REQUESTED FROM THE COURT RELATED TO CLAIM CONSTRUCTION (PATENT L.R. 4-3(f))

The parties do not at this time request any factual findings from the Court.

Dated:  July 19, 2019

Respectfully submitted,

**BAKER BOTTS L.L.P.**

*/s/ John F. Gaustad*

Bryant C. Boren, Jr. (SBN 260602)
bryant.c.boren@bakerbotts.com
Elizabeth K. Boggs (SBN 280555)
betsy.boggs@bakerbotts.com
John F. Gaustad (SBN 279893)
john.gaustad@bakerbotts.com
Keith M. Jurek (SBN 310856)
keith.jurek@bakerbotts.com
**BAKER BOTTS L.L.P.**
1001 Page Mill Road
Building One, Suite 200
Palo Alto, California 94304
Phone: (650) 739-7500
Fax: (650) 739-7699

Jeremy J. Taylor (SBN 249075)
jeremy.taylor@bakerbotts.com
**BAKER BOTTS L.L.P.**
San Francisco, CA 94111
Tel: (415) 291-6200
Fax: (415) 291-6300

Jennifer C. Tempesta (*admitted pro hac vice*)
**BAKER BOTTS L.L.P.**
30 Rockefeller Plaza
New York, NY 10112
Phone: (212) 408-2500
Fax: (212) 408-2501

*Attorneys for Defendant LYFT, INC.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

/s/ Jeffrey J. Toney
Jeffrey J. Toney (*pro hac vice*)
Ralph E. Gaskins (*pro hac vice*)
Jackie L. Toney (*pro hac vice*)
Paul G. Williams (*pro hac vice*)
**KASOWITZ BENSON TORRES LLP**
1349 West Peachtree Street, N.W., Suite 1500
Atlanta, Georgia 30309
Telephone: (404) 260-6080
Facsimile: (404) 260-6081
jtoney@kasowitz.com
rgaskins@kasowitz.com
jatoney@kasowitz.com
pwilliams@kasowitz.com

Lyn R. Agre (SBN 178218)
Margaret A. Ziemianek (SBN233418)
**KASOWITZ BENSON TORRES LLP**
101 California Street, Suite 2300
San Francisco, California 94111
Telephone: (415) 421-6140
Facsimile: (415) 398-5030
lagre@kasowitz.com
mziemianek@kasowitz.com

*Attorneys for Plaintiff RideApp, Inc.*

**APPENDIX A (RideApp's Proposed Constructions and Identifications of Intrinsic and Extrinsic Evidence))**

| | **Claim Term or Phrase** | **Claim(s)** | **RideApp's Proposed Construction** | **RideApp's Intrinsic and Extrinsic Evidence** |
|---|---|---|---|---|
| 1. | "a central data system for tracking passenger transportation vehicle usage and distributing periodic invoices for the usage" | 2, 3, and 6 | "Central data system" means "central assignment system combined with one or more databases." <br><br>**Function:** <br><br>The function of this term is (1) tracking of passenger and vehicle for the passenger transportation vehicle usage from the initial request until arrival at the final destination, and (2) distributing periodic invoices for the usage. <br><br>**Structure:** <br><br>The corresponding structure is disclosed in the specification at:  FIG. 1-4, 5-6, 8 (8.2, 8.4, 8.6, 810, 812, 814, 816, 818), 9; Table 1 (Transit Loading and Configuration; Individual Status and Configuration; Find Best Trip; Notify Driver; Notify Passenger, Updates; Acknowledge Trip; Signal Vehicle of Presence; Update Billing Files; Update Expected Loading; Update Actual Loading; Rental Car Activity and Configuration; Request Car Rental; Find Best Car; Monitor Rental Cars for | **Intrinsic Evidence** <br>'730 Patent at Abstract, 1:15-21; 3:6-10; 3:63-4:2; 4:63-5:1; 5:13-6:47; 6:54-7:19; 7:46-8:10; 8:23-27; 8:33-38; 8:58-59; 8:65-10:48; 11:34-12:3; 12:53-59; 13:15-16; 14:4-15:51; 15:58-61; 16:17-38; 17:64-67; 18:4-18; 18:24-45; 20:41-44; 23:29-34. <br><br>**Extrinsic Evidence** <br><br>Jellicoe Lyft Decl. at ¶¶ 65-67. <br>Jellicoe UPI Decl. at ¶¶ 51-52. |

| | **Claim Term or Phrase** | **Claim(s)** | **RideApp's Proposed Construction** | **RideApp's Intrinsic and Extrinsic Evidence** |
|---|---|---|---|---|
| | | | Availability and Overruns; Close Out Rental; Billing and Payment); and descriptive prose from the intrinsic evidence. | |

| 2. | "a wireless means of on-demand allocation of a passenger to a specific vehicle through the central data system" | 2 and 3 | **Function:**<br><br>The function recited is "on-demand allocation of a passenger to a specific vehicle through the central data system."<br><br>**Structure:**<br><br>The corresponding structure is disclosed in the specification at: FIG. 4, FIG. 5 (502, 504, 506, 508, 510); FIG. 6 (504.1, 504.2, 504.3, 504.4, 504.5, 504.6, 504.7), FIG. 9 Table 1 (Individual Status; Report Position; Find Best Trip; Notify Driver; Acknowledge Trip; Notify Passenger, Updates; Command Route; Find Best Car; Notify Renter); and descriptive prose from the intrinsic evidence. | **Intrinsic Evidence:**<br><br>'730 Patent Abstr., 3:53-62, 4:3-6, 4:56-6:47, 5:53-56; 6:54-7:22; 7:27-30; 7:34-8:10; 8:65-9:2; 9:35-37; 10:30-34; 10:50-58; 11:6-9; 11:22-26; 11:30-31; 11:42-49; 12:61-64; 13:25-27; 13:53-62; 14:4-15:66; 16:17-26: 16:34-38; 17:4-6; 17:12-31; 20:41-44; 23:31-34.<br><br>**Extrinsic Evidence**<br><br>Jellicoe UPI Decl. at ¶¶ 45-50.<br>Jellicoe Lyft Decl. at ¶¶ 58-64. |

| 3. | "a wireless means of informing the passenger of the assignment and updated expected arrival time" | 3 | **Function:**<br><br>The function of this term is to use wireless means of (1) informing the passenger of the assignment, and (2) informing the passenger of the expected time at which the vehicle and passenger will meet, including updates to the arrival time."<br><br>**Structure:**<br><br>The corresponding structure is disclosed in the specification at:  FIG. 4, FIG. 5 (504, 506, 510, 512, 514), FIG. 6 (504.6, 504.7); Table 1 (Find Best Trip; Find Best Car; Acknowledge Trip; Notify Passenger, Updates); and descriptive prose from the intrinsic evidence. | **Intrinsic Evidence:**<br><br>'730 Patent at Abstract; 4:56-5:15; 6:48-49; 6:54-7:19;  7:46-8:10;  9:57-10:4;  11:22-33; 11:63-65;  12:60-13:23;  14:4-28;  14:33-40; 14:53-54;  15:41-51;  15:66-16:4;  16:22-24; 16:45-60; 17:4-11; 17:43-51; 20:41-44<br><br>**Extrinsic Evidence**<br><br>Jellicoe Lyft Decl. at ¶¶ 68-69.<br>Jellicoe UPI Decl. at ¶¶ 53-56. |

| 4. | "a wireless means of detecting the proximity of the passenger and alerting the passenger of the proximity of the vehicle" | 6 | **Function:**<br><br>The function of this term is to use a wireless means of (1) detecting the proximity of the passenger and (2) alerting the passenger of the proximity of the vehicle, where proximity means distance or geographical closeness.<br><br>**Structure:**<br><br>The corresponding structure is disclosed in the specification at: FIGs. 2, 4, 6, 9; Table 1 (Report Position; Find Best Trip; Find Best Car; Notify Passenger, Updates; Acknowledge Trip; Signal Vehicle of Presence; Monitor Status; Command Route); and descriptive prose from the intrinsic evidence. | **Intrinsic Evidence:**<br><br>'730 Patent at Abstract; 4:56-5:15; 7:8-11; 7:47-8:10; 9:57-10:4; 10:50-11:5; 11:22-33; 11:46-64; 12:4-44; 13:10-14; 14:10-11; 14:14-40; 15:41-43; 16:22-23; 17:4-11; 17:43-53; 20:29-44; 23:31-34; Figures 4, 6, 9; Table 1<br><br>This element covers the identified structure and equivalents thereof.<br><br>**Extrinsic Evidence:**<br><br>Jellicoe Lyft Decl. at ¶¶ 70-73.<br>Jellicoe UPI Decl. at ¶¶ 57-60. |

| 5. | "periodic" | 2, 3, and 6 | Plain and ordinary meaning.  At the present time because RideApp is without an understanding of Lyft's position, no construction is necessary.     RideApp reserves the right to amend this position after learning Lyft's position regarding this term. | **<u>Intrinsic Evidence</u>**<br><br>'730 Patent at 5:36-53; 8:32-37; 8:58-59; 9:3-21; 10:5-15; 11:34-41; 16:30-38; 17:64-67; 18:4-18; 18:24-45; 23:29-34; Figure 8 |

| 6. | "unified billing" | 2, 3, and 6 | The preamble is not limiting. Plain and ordinary meaning. At the present time because RideApp is without an understanding of Lyft's position, no construction is necessary. RideApp reserves the right to amend this position after learning Lyft's position regarding this term. | |

| 7. | "tracking passenger transportation vehicle usage" | 2, 3, and 6 | "**Tracking** passenger transportation vehicle usage" means "tracking of passenger and vehicle for the passenger transportation vehicle usage from the initial request until arrival at the final destination." | **Intrinsic Evidence**<br><br>'730 Patent at 3:6-8; 5:16-6:45; 7:46-8:10; 11:42-12:3; 14:4-15:51; 16:34-38; 23:29-34; Figures 5-6, 8-9; Table 1<br><br>**Extrinsic Evidence**<br><br>Jellicoe Lyft Decl. at ¶¶ 65-67.<br>Jellicoe UPI Decl. at ¶¶ 51-52. |

| 8. | "wireless communication between passengers, vehicles, and the central data system" | 2, 3, and 6 | To the extent the term requires construction, the plain and ordinary construction means "communication transmitted/received using wireless communication devices between each of: passengers and vehicles/drivers, passengers and the central data system, and vehicles/drivers and the central data system." | **Intrinsic Evidence**<br><br>'730 Patent at 3:17-21; 3:43-62; 4:3-6; 4:9-13; 4:56-6:47; 7:20-22; 7:27-30; 7:64-8:10 8:65-9:3; 10:1-4; 10:36-11:5; 11:22-55; 12:4-43; 12:60-13:50; 14:14-40; 16:16-22; 16:39-44; 20:29-44; Figures 1-4, 9, Table 1. |
|---|---|---|---|---|

| 9. | "proximity" | 6 | This term means "distance; geographical closeness." | **Intrinsic Evidence**<br><br>'730 Patent at 14:4-15:51; 16:34-38; 17:4-11; 17:46-51; 23:31-34; Table 1, "Signal Vehicle of Presence"<br><br>**Extrinsic Evidence**<br><br>Jellicoe Lyft Decl. at ¶¶ 70-73.<br>Jellicoe UPI Decl. at ¶¶ 58-60. |

**APPENDIX B (Lyft's Proposed Constructions and Identifications of Intrinsic and Extrinsic Evidence)**

| | Claim Term or Phrase | Claim(s) | Lyft's Proposed Construction | Lyft's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| 1. | "a central data system for tracking passenger transportation vehicle usage and distributing periodic invoices for the usage" | 2, 3, and 6 | This is a means-plus-function term governed by 35 U.S.C. § 112(6). **Function:** (1) "tracking passenger transportation usage" and (2) "distributing periodic invoices for the usage," subject to the constructions of "tracking passenger transportation usage" and "periodic" **Structure:** indefinite alternatively, if the Court believes the Patent contains sufficiently-defined corresponding structure, for Function (1), the structure recited in the specification at 5:54–64; 9:3–26; 14:14–19; 16:17–22; TABLE 1 under "Monitor Status for Vehicle Assignments" (Cols. 21–22) Software Element; Fig. 6 (item 504.1); Fig. 8 (items 802, 804, 806, 808, and 810); and for Function (2), the structure recited in the specification at 5:54–65; 18:4–10; 18:34–39; TABLE 1 under "Billing and Payment" (Cols. 23-24) Software Element ("Using stored data, the system would periodically, e.g., monthly bill all passengers and pay all drivers. The preferred mode would be billing to utility bill, e.g., the cell phone or pager bill. . . . All of this is done without manual intervention."); Fig. 8 (item 814). | '730 Patent at 3:9–13, 43-48, 53-65; 4:57–5:15; 5:54-6:5; 6:43–48; 7:46–8:10; 8:66–11:8; 11:22–29; 12:4–12; 14:5–40; 15:35–43, 52–60; 16:17–38; Figs. 1-4, 9; Claims 1–4 and 6. Prosecution History, Mar. 21, 2003 Amendment and Response; Apr. 18, 2003 Office Action; July 24, 2003 Amendment; August 6, 2003 Office Action; September 15, 2003 Amendment; September 29, 2003 Notice of Allowance. Decision *Denying Inter Partes* Review in Unified Patents IPR2019-00414, July 17, 2019 Decision at 2–15. RIDE_LYFT0001146 Expert testimony of David H. Williams |

| | Claim Term or Phrase | Claim(s) | Lyft's Proposed Construction | Lyft's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| 2. | "a wireless means of on-demand allocation of a passenger to a specific vehicle through the central data system" | 2 and 3 | This is a means-plus-function term governed by 35 U.S.C. § 112(6). **Function:** "on-demand allocation of a passenger to a specific vehicle through the central data system" **Structure:** indefinite alternatively, if the Court believes the Patent contains sufficiently-defined corresponding structure, the structure recited in the specification at Fig. 6 at 504.5 and 504.6; 6:55-62; 7:1–7; 7:35–44; 14:47–15:30; 15:35–41; TABLE-1 under "Find Best Trip" Software Element ("Solves the trip assignment task based on available vehicles, their schedules, and their passenger loadings. Also updates passengers as the trip origination time becomes imminent.") (Cols. 21–22) | '730 Patent at 6:55-62; 7:1-7; 7:35-44; 12:4–12; 14:47-54; 14:54-15:30; 15:34-41; TABLE-1 under "Find Best Trip" Software Element ("Solves the trip assignment task based on available vehicles, their schedules, and their passenger loadings. Also updates passengers as the trip origination time becomes imminent.") (Cols. 21-22); Figs. 5-7; Claims 2-4 and 6. Prosecution History, Mar. 21, 2003 Amendment and Response; Apr. 18, 2003 Office Action; July 24, 2003 Amendment; August 6, 2003 Office Action; September 15, 2003 Amendment; September 29, 2003 Notice of Allowance. RideApp Preliminary Response to Unified Patents IPR2019-00414, May 9, 2019 Preliminary Response at 13-19, 29-30, and 39-40. RideApp Preliminary Response to Lyft IPR2019-00671, May 22, 2019 Preliminary Response at 2, 18-20, 26, 32-33, 36-37, 39-40, 43, 50, 52, and 61. Decision *Denying Inter Partes* Review in Unified Patents IPR2019-00414, July 17, 2019 Decision at 2–15. RIDE_LYFT0001146 Expert testimony of David H. Williams |
| 3. | "a wireless means of informing the passenger of the | 3 | This is a means-plus-function term governed by 35 U.S.C. § 112(6). **Function:** indefinite | '730 Patent at 7:48-57; 11:63-12:3; 12:4–12; 12:61-13:24; 15:43-51; 16:2-8; 17:6-11; TABLE-1 under "Notify Passenger, Updates" ("The hand held terminal would display trip |

| | **Claim Term or Phrase** | **Claim(s)** | **Lyft's Proposed Construction** | **Lyft's Intrinsic and Extrinsic Evidence** |
|---|---|---|---|---|
| | assignment and updated expected arrival time" | | alternatively, (1) "informing the passenger of the assignment" and (2) "informing the passenger of the expected time at which the vehicle and passenger will meet, including updates to the arrival time"<br><br>**Structure:** indefinite<br><br>alternatively, if the Court believes the Patent contains sufficiently-defined corresponding structure,<br><br>for Function (1), the structure recited in the specification at Fig. 6 (item 504.7); 7:48–59; 16:6–8; TABLE-1 under "Notify Passenger, Updates" ("The hand held terminal would display trip options in order of likely preference. This would often be only one as there is an obvious best transit option.") (Cols. 21–22); and<br><br>for Function (2), the structure recited in the specification at Fig. 5 (item 514); 7:48–59; 11:63–12:3; 15:43–51; 17:6–11; TABLE-1 under "Notify Passenger, Updates" ("It would also display the time of pick-up. If this time of pick-up had an uncertainty of greater than some limit, e.g., 60 seconds, then repeated messages, updates, would be sent concerning the chosen trip so that waiting could be minimized.")(Cols. 21–22) and "Report Position" (All vehicles are equipped with locating means, e.g., GPS and periodically report position. During passenger pick-up periods this reporting is frequent so that passengers can be notified of pick-up times with precision, e.g., 60 | options in order of likely preference. This would often be only one as there is an obvious best transit option. It would also display the time of pick-up. If this time of pick-up had an uncertainty of greater than some limit, e.g., 60 seconds, then repeated messages, updates, would be sent concerning the chosen trip so that waiting could be minimized.") (Cols. 21-22) and "Report Position" ("All vehicles are equipped with locating means, e.g., GPS and periodically report position. During passenger pick-up periods this reporting is frequent so that passengers can be notified of pick-up times with precision, e.g., 60 seconds") (Cols. 21-22) Software Elements; Figs. 5-6; Claims 2, 3, and 6.<br><br>Prosecution History, Mar. 21, 2003 Amendment and Response; Apr. 18, 2003 Office Action; July 24, 2003 Amendment; August 6, 2003 Office Action; September 15, 2003 Amendment; September 29, 2003 Notice of Allowance.<br><br>RideApp Preliminary Response to Unified Patents IPR2019-00414, May 9, 2019 Preliminary Response at 13-19, 29-30, and 39-40.<br><br>RideApp Preliminary Response to Lyft IPR2019-00671, May 22, 2019 Preliminary Response at 2, 18-20, 22-24, 26, 32-33, 36-37, 39-40, 43, 50, 52, and 61.<br><br>Decision *Denying Inter Partes* Review in Unified Patents IPR2019-00414, July 17, 2019 Decision at 2–15. |

| | Claim Term or Phrase | Claim(s) | Lyft's Proposed Construction | Lyft's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | | | seconds") (Cols. 21–22) Software Elements. | RIDE_LYFT0001146<br><br>Expert testimony of David H. Williams |
| 4. | "a wireless means of detecting the proximity of the passenger and alerting the passenger of the proximity of the vehicle" | 6 | This is a means-plus-function term governed by 35 U.S.C. § 112(6).<br><br>**Function:** indefinite<br><br>alternatively, (1) "detecting when the passenger is within a certain proximity to the vehicle" and (2) "alerting the passenger of the proximity"<br><br>**Structure:** indefinite<br><br>alternatively, if the Court believes the Patent contains sufficiently-defined corresponding structure,<br><br>for Function (1), the structure recited in the specification at 5:16–5:29; 11:63–12:3; 14:37–40; 20:30–39; TABLE-1 "Signal Vehicle of Presence" Software Element ("When approaching the transit vehicle (or station in the case of rail) the hand held terminal would notify the vehicle that the particular passenger was present and intended to board. This (1) gives the driver assurance that a particular individual is to be on board, and (2) causes the trip to be logged for billing and vehicle loading purposes in the transit assignment system. Correspondingly the passenger is automatically notified of proximity of vehicle.") (Cols. 21–22); and<br><br>for Function (2), the structure recited in the specification at 17:6–11; TABLE-1 "Signal | '730 Patent at 4:57–5:29; 10:65–11:1; 11:43–12:3; 12:4–12; 12:27–34; 14:37–40; 17:6–11; 17:46–51; 17:67–18:3; 20:28–36; TABLE-1 "Signal Vehicle of Presence" Software Element ("When approaching the transit vehicle (or station in the case of rail) the hand held terminal would notify the vehicle that the particular passenger was present and intended to board. This (1) gives the driver assurance that a particular individual is to be on board, and (2) causes the trip to be logged for billing and vehicle loading purposes in the transit assignment system. Correspondingly the passenger is automatically notified of proximity of vehicle.") (Cols. 21-22); Figs. 4, 9; Claims 1, 4, 6.<br><br>Prosecution History, Mar. 21, 2003 Amendment and Response; Apr. 18, 2003 Office Action; July 24, 2003 Amendment; August 6, 2003 Office Action; September 15, 2003 Amendment; September 29, 2003 Notice of Allowance.<br><br>RideApp Preliminary Response to Unified Patents IPR2019-00414, May 9, 2019 Preliminary Response at 24–25.<br><br>RideApp Preliminary Response to Lyft IPR2019-00671, May 22, 2019 Preliminary Response at 8–9, 28, 32, 34, 54.<br><br>Decision *Denying Inter Partes* Review in Unified Patents IPR2019-00414, July 17, 2019 |

| | Claim Term or Phrase | Claim(s) | Lyft's Proposed Construction | Lyft's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | | | Vehicle of Presence" Software Element ("When approaching the transit vehicle (or station in the case of rail) the hand held terminal would notify the vehicle that the particular passenger was present and intended to board. This (1) gives the driver assurance that a particular individual is to be on board, and (2) causes the trip to be logged for billing and vehicle loading purposes in the transit assignment system. Correspondingly the passenger is automatically notified of proximity of vehicle.") (Cols. 21–22). | Decision at 2–15. <br><br> *An Approach to Georgia Information Intensive Transit (GIIT)*, Stephen Dickerson (Sept. 25, 2007), http://hdl.handle.net/1853/21344 <br><br> RIDE_LYFT0001146 <br><br> Expert testimony of David H. Williams |
| 5. | "periodic" | 2, 3, and 6 | "occurring at regular intervals of time (e.g., monthly), independent of when a trip or segment of a trip is made" | '730 Patent at 5:36-45; 8:32-37; 16:30-33; 18:4-10, 34-44; TABLE-1, Cols. 23-24 ("Billing and Payment" Software Element ("Using stored data, the system would periodically, e.g., monthly bill all passengers and pay all drivers. The preferred mode would be billing to utility bill, e.g., the cell phone or pager bill. . . . All of this is done without manual intervention.")); Fig. 8; Claims 1, 2, 3, and 6. <br><br> Prosecution History, Mar. 21, 2003 Amendment and Response; Apr. 18, 2003 Office Action; July 24, 2003 Amendment; August 6, 2003 Office Action; September 15, 2003 Amendment; September 29, 2003 Notice of Allowance. <br><br> *Merriam-Webster's Collegiate Dictionary*, 10th Ed. (1993) (definition(s) of "periodic") <br><br> *The Oxford Desk Dictionary and Thesaurus* |

| | Claim Term or Phrase | Claim(s) | Lyft's Proposed Construction | Lyft's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | | | | (1997) (definition(s) of "periodic") *An Approach to Georgia Information Intensive Transit (GIIT)*, Stephen Dickerson (Sept. 25, 2007), http://hdl.handle.net/1853/21344 RIDE_LYFT_0001123 |
| 6. | "unified billing" | 2, 3, and 6 | The preamble is limiting. "an aggregation of the trips of a user in one bill statement" | '730 Patent at 5:36-45; 8:32-37; 16:30-33; 18:4-10, 34-44; TABLE-1, Cols. 23-24 ("Billing and Payment" Software Element ("Using stored data, the system would periodically, e.g., monthly bill all passengers and pay all drivers. The preferred mode would be billing to utility bill, e.g., the cell phone or pager bill. . . . All of this is done without manual intervention.")); Fig. 8; Claims 1, 2, 3, and 6. Prosecution History, Mar. 21, 2003 Amendment and Response; Apr. 18, 2003 Office Action; July 24, 2003 Amendment; August 6, 2003 Office Action; September 15, 2003 Amendment; September 29, 2003 Notice of Allowance. *Merriam-Webster's Collegiate Dictionary*, 10th Ed. (1993) (definition(s) of "unification" and "unify") *The Oxford Desk Dictionary and Thesaurus* (1997) (definition(s) of "unify") *An Approach to Georgia Information Intensive Transit (GIIT)*, Stephen Dickerson (Sept. 25, 2007), http://hdl.handle.net/1853/21344 RIDE_LYFT_0001123 |

| | Claim Term or Phrase | Claim(s) | Lyft's Proposed Construction | Lyft's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| 7. | "tracking passenger transportation vehicle usage" | 2, 3, and 6 | "continuously tracking both the passenger and vehicle from the initial request until arrival at the final destination to monitor vehicle usage" | '730 Patent at 3:4-9; 7:8–19; 7:46–8:10; 9:3-17; 10:5-14; 14:5-40; 15:35–43,52–60; 16:17-38; 19:40-20:4; Figs. 6, 8-9; Claims 1, 2, 3, and 6. <br><br> Prosecution History, Mar. 21, 2003 Amendment and Response; Apr. 18, 2003 Office Action; July 24, 2003 Amendment; August 6, 2003 Office Action; September 15, 2003 Amendment; September 29, 2003 Notice of Allowance. <br><br> RideApp Preliminary Response to Unified Patents IPR2019-00414, May 9, 2019 Preliminary Response at 6, 19-20, 31-32, and 49-52. <br><br> RideApp Preliminary Response to Lyft IPR2019-00671, May 22, 2019 Preliminary Response at 21, 26-27, 29, 33, 37, 40-41, and 49. |
| 8. | "wireless communication between passengers, vehicles, and the central data system" | 2, 3, and 6 | "(1) wireless communication directly to and from the central data system and passengers, (2) wireless communication directly to and from the central data system and vehicles, and (3) wireless communication directly to and from vehicles and passengers" | '730 Patent at 3:4-7; 4:9-14, 57-67; 5:4-19; 7:65-8:10; 10:50-11:5; 11:22-35; 20:28-36; Fig. 4; Claims 2-4 and 6. <br><br> Prosecution History, Mar. 21, 2003 Amendment and Response; Apr. 18, 2003 Office Action; July 24, 2003 Amendment; August 6, 2003 Office Action; September 15, 2003 Amendment; September 29, 2003 Notice of Allowance. <br><br> RideApp Preliminary Response to Unified Patents IPR2019-00414, May 9, 2019 Preliminary Response at 4, 28. 34-37, and 52-57. <br><br> RideApp Preliminary Response to Lyft |

| | Claim Term or Phrase | Claim(s) | Lyft's Proposed Construction | Lyft's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | | | | IPR2019-00671, May 22, 2019 Preliminary Response at 25-26, 28, 31, 34-35, 49-50, 55-56, and 59-60. |
| 9. | "proximity" | 6 | Plain and ordinary meaning or, alternatively, "nearness in space or time," subject to the construction of the entire means-plus-function term above | '730 Patent at 17:4–11; 17:46–51; TABLE-1 "Signal Vehicle of Presence" Software Element ("When approaching the transit vehicle (or station in the case of rail) the hand held terminal would notify the vehicle that the particular passenger was present and intended to board. This (1) gives the driver assurance that a particular individual is to be on board, and (2) causes the trip to be logged for billing and vehicle loading purposes in the transit assignment system. Correspondingly the passenger is automatically notified of proximity of vehicle.") (Cols. 21-22); Fig. 9; Claims 1, 4, 6. Prosecution History, Mar. 21, 2003 Amendment and Response; Apr. 18, 2003 Office Action; July 24, 2003 Amendment; August 6, 2003 Office Action; September 15, 2003 Amendment; September 29, 2003 Notice of Allowance. *The Oxford Desk Dictionary and Thesaurus* (1997) (definition(s) of "proximity") |