United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIDEAPP, INC., | Case No. 18-cv-07152-JST |
| Plaintiff, | |
| v. | **ORDER DENYING IN PART AND DEFERRING RULING IN PART ON MOTION TO DISMISS** |
| LYFT, INC., | Re: ECF No. 89 |
| Defendant. | |

Before the Court is Defendant Lyft, Inc.'s motion to dismiss.  ECF No. 89.  The Court will deny the motion as to claims directed to bikeshare services and defer ruling on Lyft's patent eligibility arguments under 35 U.S.C. § 101.

## I. BACKGROUND

In the operative second amended complaint, Plaintiff RideApp, Inc. alleges that Lyft infringes claims 2, 3, and 6 of U.S. Patent No. 6,697,730 ("the '730 patent"), which RideApp now owns.  ECF No. 88 ¶¶ 15, 6, 72-120.  The '730 patent "relates to an automated transit system, and more particularly to an urban transit system that minimizes the social costs of urban transportation, the transit system being based on digital cellular communication, GPS locating technology and digital computers to provide real-time command and control of passengers and vehicles."  ECF No. 88-1 at 12.

Lyft has moved to dismiss the complaint on grounds that the asserted claims are patent ineligible under 35 U.S.C. § 101.  Lyft also argues that, if the Court does not dismiss the case in its entirety, it should "dismiss the claims against bikeshare services because they relate to separate corporate entities – Bikeshare Holdings LLC and its subsidiaries, including Motivate – which are not named defendants."  ECF No. 89 at 29.

II.     **DISCUSSION**

A.      **Patent Eligibility**

"Section 101 of the Patent Act defines the subject matter eligible for patent protection" by providing that "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof" may be patented. *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014); 35 U.S.C. § 101. It is well-established that "abstract ideas are not patentable." *Alice*, 573 U.S. at 216 (internal quotation marks and citation omitted). However, "an invention is not rendered ineligible for patent simply because it involves an abstract concept." *Id.* at 217. Courts must distinguish between patents that claim abstract ideas, on the one hand, and patents "that claim patent-eligible applications of those concepts," on the other hand. *Id.*

To draw this distinction, courts engage in a two-step analysis. At step one, courts determine whether the claims at issue are "directed to" an abstract idea. *Id.* If so, then courts proceed to step two and "consider the elements of each claim both individually and as an ordered combination" to determine "whether [the claim] contains an inventive concept sufficient to transform the claimed abstract idea into a patent-eligible application." *Id.* at 217, 221 (internal quotation marks and citation omitted).

"[W]hether a claim recites patent eligible subject matter is a question of law which may contain disputes over underlying facts," but "not every § 101 determination contains genuine disputes over the underlying facts material to the § 101 inquiry." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018). Thus, "patent eligibility can be determined at the Rule 12(b)(6) stage . . . when there are no factual allegations that, taken as true, prevent resolving the eligibility question as a matter of law." *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1125 (Fed. Cir. 2018). In some cases, for example, the factual question of "[w]hether the claim elements or the claimed combination are well-understood, routine, [or] conventional" may "be answered adversely to the patentee based on the sources properly considered on a motion to dismiss, such as the complaint, the patent, and materials subject to judicial notice." *Id.* at 1128. The Federal Circuit recently explained that this does not mean that "any allegation about inventiveness, wholly divorced from the claims or the specification, defeats a motion to dismiss,"

2

but "plausible and specific factual allegations that aspects of the claim are inventive are sufficient. As long as what makes the claims inventive is recited by the claims, the specification need not expressly list all the reasons why this claimed structure is unconventional." *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1317 (Fed. Cir. 2019) (citation omitted). "If there are claim construction disputes at the Rule 12(b)(6) stage, . . . either the court must proceed by adopting the non-moving party's constructions, or the court must resolve the disputes to whatever extent is needed to conduct the § 101 analysis, which may well be less than a full, formal claim construction." *Aatrix*, 882 F.3d at 1125 (citations omitted).

In this case, the Court finds it appropriate to defer ruling on the question of patent eligibility until after claim construction. The Patent Trial and Appeal Board ("PTAB") recently concluded that each of the asserted claims "includes a limitation recited in means-plus-function format for which the Specification fails to describe corresponding structure linked to the claimed function. Thus, we are unable to apply the claim language to the prior art." ECF No. 94-1 at 17 (denying petition for *inter partes* review of the '730 Patent filed by a third party). Similarly, in the parties' joint claim construction and prehearing statement, Lyft contends that four phrases in the asserted claims have an indefinite structure and that two of those four phrases also have an indefinite function. ECF No. 93 at 16-20. Although "claim construction is not an inviolable prerequisite to a validity determination under § 101," "the determination of patent eligibility requires a full understanding of the basic character of the claimed subject matter." *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1349 (Fed. Cir. 2014). It would be difficult, if not impossible, to obtain this understanding if the PTAB and Lyft are correct that the asserted claims are indefinite. The Court will defer ruling on § 101 patent eligibility until after it has construed the claims, including determining whether any of the claims are indefinite. *Cf. Berkheimer*, 381 F.3d at 1363-64 (concluding that ten claims were indefinite before turning to patent eligibility).

### B.     Allegations Relating to Bikeshare Services

Lyft also seeks dismissal of claims relating to bikeshare services on grounds that the complaint "has no facts to support that Lyft – and not its subsidiaries – provide [the accused

services].”  ECF No. 89 at 29.

A complaint must contain “a short and plain statement of the claim showing that the pleader is entitled to relief.”  Fed. R. Civ. P. 8(a).  Dismissal under Federal Rule of Civil Procedure 12(b)(6) “is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.”  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  A complaint need not contain detailed factual allegations, but facts pleaded by a plaintiff must be “enough to raise a right to relief above the speculative level.”  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  “To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to ‘state a claim to relief that is plausible on its face.’”  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  “A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.”  *Id.* While this standard is not a probability requirement, “[w]here a complaint pleads facts that are merely consistent with a defendant’s liability, it stops short of the line between possibility and plausibility of entitlement to relief.”  *Id.* (internal quotation marks and citation omitted).  In determining whether a plaintiff has met this plausibility standard, a court must “accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable” to the plaintiff.  *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

The gravamen of Lyft’s motion is that only Lyft’s subsidiaries operate bikeshare services and that RideApp has not alleged sufficient facts to pierce the corporate veil.  But the complaint makes no mention of subsidiaries.  Instead, it alleges that “*Lyft* operates bicycle-sharing networks and services in many cities in the United States under various well-known brands, such as ‘Citibike,’ Ford GoBike, Divvy, BlueBikes, and Capital Bikeshare.”  ECF No. 88 ¶ 52 (emphasis added).  Similarly, it alleges that “*Lyft* makes, uses, sells, offers for sale, and/or imports into the United States and this District products and services that practice the claims of the ’730 Patent.”  *Id.* ¶ 54 (emphasis added).  More specifically, the complaint alleges that “*Lyft* uses a plurality of communication devices in connection with all of the Accused Bikeshare Services, including Citibike, to provide wireless communication between user-passengers, the smart bicycles, and

4

central data systems in order to operate its passenger transit systems," and that "*Lyft* uses a wireless means – applications running on smartphones and other infrastructure – to provide on-demand allocation of users to available bicycles through its central data system."  *Id.* ¶¶ 62-63 (emphasis added).  In addition, the complaint repeatedly refers to the "*Lyft* Bikeshare technology platform," and alleges that in its Form S-1 Offering Statement filed with the Securities and Exchange Commission, Lyft states, "*We* have a network of shared bikes. . . ."  *Id.* ¶¶ 56-61, 67-68 (emphasis added); *see also* ECF No. 88-2 at 5, 7, 8, 10, 11, 13, 14 (Form S-1) (also referring to "our network of shared bikes").  Lyft argues that the Form S-1 "does not state that Lyft is the corporate entity responsible for bicycle-sharing services."  ECF No. 94 at 19.  While this is true as far as it goes, the Form S-1 does characterize the network of shared bikes as belonging to Lyft.  This is sufficient to state a plausible claim.[1]

       Lyft argues that the Court should disregard all of the allegations in the second amended complaint concerning Lyft's ownership or operation of the bikeshare services because they contradict the allegations in RideApp's first amended complaint, which alleged that a different company, Motivate, operated the bikeshare services in question.[2]  However, RideApp's theory of liability is that Lyft "acquired the infringing technology and the city contracts under which

---

[1] In addition, Lyft has cited no authority governing pleading standards for a claim that seeks to pierce the corporate veil.  The cases it cites arose either at summary judgment or after trial.  *See United States v. Bestfoods*, 524 U.S. 51 (1998) (after trial); *Seymour v. Hull & Moreland Eng'g*, 605 F.2d 1105 (9th Cir. 1979) (same); *Bowoto v. Chevron Texaco Corp.*, 312 F. Supp. 2d 1229 (N.D. Cal. 2004) (summary judgment).

[2] Ninth Circuit case law is inconsistent as to whether an amended pleading may contradict an original.  *Compare Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (noting, in denying leave to amend, that a "party cannot amend pleadings to directly contradict an earlier assertion made in the same proceeding" (quotation marks, alteration, and citation omitted)), *with PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 860 (9th Cir. 2007) ("[T]here is nothing in the Federal Rules of Civil Procedure to prevent a party from filing successive pleadings that make inconsistent or even contradictory allegations.  Unless there is a showing that the party acted in bad faith – a showing that can only be made after the party is given an opportunity to respond under the procedures of Rule 11 – inconsistent allegations are simply not a basis for striking the pleading.").  However, "when evaluating an amended complaint, the court may . . . consider the prior allegations as part of its 'context-specific' inquiry based on its judicial experience and common sense to assess whether an amended complaint plausibly suggests an entitlement to relief."  *McKenna v. WhisperText*, No. 5:14-cv-00424-PSG, 2015 WL 5264750, at *3 (N.D. Cal. Sept. 9, 2015) (quotation marks, alteration, and citation omitted).

[Motivate] does business." ECF No. 81 at 7. These allegations are not contradictory.

Lyft has also presented a declaration to argue that "Bikeshare Holdings LLC is a wholly owned subsidiary of" and a separate corporate entity from Lyft, and that "Bikeshare Holdings LLC subsidiaries are responsible for operating" the bikeshare services in question. ECF No. 80-9 ¶ 3. But such extrinsic evidence may not be considered on a motion to dismiss. *See, e.g.*, *Johnson v. Fed Home Loan Mortg. Corp.*, 793 F.3d 1005, 1007 (9th Cir. 2015) ("Although as a general rule we may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, we may consider extrinsic evidence not attached to the complaint if the document's authenticity is not contested and the plaintiff's complaint necessarily relies on it."). Lyft may ultimately be able to prove that it is not liable for any alleged infringement based on bikeshare services, but that determination cannot be made on this motion to dismiss.

## CONCLUSION

Lyft's motion to dismiss RideApp's claims relating to bikeshare services is denied. The Court defers ruling on the remainder of the motion until after claim construction. If appropriate, Lyft may renew its arguments under 35 U.S.C. § 101 at that time.

**IT IS SO ORDERED.**

Dated: August 14, 2019



_____
JON S. TIGAR
United States District Judge