Jeremy J. Taylor (SBN 249075)
jeremy.taylor@bakerbotts.com
**BAKER BOTTS L.L.P.**
101 California Street, Suite 3600
San Francisco, CA 94111
Tel: (415) 291-6200
Fax: (415) 291-6300

Bryant C. Boren, Jr. (SBN 260602)
bryant.c.boren@bakerbotts.com
Elizabeth K. Boggs (SBN 280555)
betsy.boggs@bakerbotts.com
John Frederick Gaustad (SBN 279893)
john.gaustad@bakerbotts.com
Keith M. Jurek (SBN 310856)
keith.jurek@bakerbotts.com
**BAKER BOTTS L.L.P.**
1001 Page Mill Road
Building One, Suite 200
Palo Alto, California 94304
Phone: (650) 739-7500
Fax: (650) 739-7699

Jennifer C. Tempesta (*admitted pro hac vice)*
**BAKER BOTTS L.L.P.**
30 Rockefeller Plaza
New York, NY 10112
Phone: (212) 408-2500
Fax: (212) 408-2501

*Attorneys for Defendant LYFT, INC.*



**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| RIDEAPP, INC.<br><br>Plaintiff,<br>v.<br><br>LYFT, INC.<br><br>Defendant. | Case No. 18-CV-07152-JST<br><br>**DEFENDANT LYFT, INC.'S NOTICE OF OBJECTIONS TO PLAINTIFF RIDEAPP, INC.'S UNTIMELY ARGUMENTS AND EVIDENCE**<br><br>Judge: Hon. Jon S. Tigar<br>Courtroom: 6 - 2nd Floor |

## I. Introduction

Defendant Lyft, Inc. ("Lyft") submits this Notice of Objections pursuant to the Court's Scheduling Order. *See* Dkt. 74 at 2:5–7. Lyft respectfully requests that the Court exclude arguments and evidence Plaintiff RideApp, Inc. ("RideApp") submitted without disclosing under Patent L.R. 4-2 and 4-3, including (1) the Declaration of David Yen (Dkt. 101-6), (2) RideApp's construction for "on-demand allocation" (Dkt. 101 at 8:10–17, Dkt. 107 at 4:12–18, 5:7–18, 7:1–6), and (3) extrinsic evidence RideApp improperly submitted with its reply brief (Dkt. 107).

## II. Declaration of David Yen

RideApp submitted the declaration of David Yen in support of its Opening Claim Construction Brief, despite failing to identify Mr. Yen and the substance of his testimony in accordance with its obligations under Patent L.R. 4-2 and 4-3. On June 24, 2019, RideApp submitted its Disclosure of Proposed Claim Constructions and Extrinsic Evidence under Patent L.R. 4-2. *See* Dkt. 105-12. RideApp disclosed "Roger J.B. Jellicoe as an expert who may provide opinions and/or testimony on relevant subject matters including the level of experience, knowledge and skill of one of ordinary skill in the art and his understanding of certain terms and the bounds of the claims. . . . Mr. Jellicoe is expected to testify regarding the constructions of the terms below, the supporting evidence within the patent's specification and file history, and the state of the art at the time of the invention." *Id.* at 2:7–17. RideApp's disclosure did not identify Mr. David Yen or any of his potential testimony. The only extrinsic evidence RideApp identified for any claim term was Mr. Jellicoe's declarations in support of RideApp's preliminary responses to two then-pending Petitions for *Inter Partes* Review regarding the '730 Patent. *Id.* at 3–6.

In Lyft's disclosure of Preliminary Proposed Constructions, it stated that it "intends to rely on expert testimony from David H. Williams" and described the substance of his testimony with a listing of opinions to be rendered in connection with claim construction. Dkt. 105-16 at 1:14–18. Lyft identified the terms for which Mr. Williams would offer an opinion. Dkt. 105-17 at 5–9.

On July 9, 2019 the Court granted a stipulation of the Parties in which the Parties agreed that, should they decide to rely on expert testimony for claim construction, they would exchange full expert declarations in conjunction with their respective briefs. Dkt. 91 at 1:25–2:10. Nothing

BAKER BOTTS L.L.P.

in the stipulation absolved any Party of its obligations to identify witnesses and describe the substance of their proposed testimony including a listing of opinions to be rendered.

On July 19, 2019, the Parties submitted their Patent L.R. 4-3 Joint Claim Construction and Prehearing Statement ("JCCPS"). Dkt. 93. In the JCCPS, RideApp did not identify any particular expert witness on whose opinion it intended to rely. *See id.* at 2:19–28. As with its previous disclosure, the only extrinsic evidence for any term was Mr. Jellicoe's aforementioned declarations. *See id.*, App'x A. Lyft restated that it would be relying on expert testimony from Mr. Williams for the mean-plus-function claim terms. *Id.*, App'x B at 1–5.

On August 20, 2019, the day after the close of claim construction discovery, RideApp first disclosed David Yen as an expert witness via an email disclosing Mr. Yen and Mr. Jellicoe as experts under the Parties' proposed protective order. Exhibit A. RideApp did not state that Mr. Yen would testify regarding claim construction, did not describe the substance of his proposed testimony, and did not provide a listing of his opinions. RideApp did not seek to update its disclosure under Patent L.R. 4-2 or statement in the JCCPS. Lyft first learned that Mr. Yen—not Mr. Jellicoe—would be providing a declaration on September 4, 2019 via another email. Exhibit B. Lyft first learned of the substance of Mr. Yen's testimony when RideApp submitted Mr. Yen's declaration with its Opening Claim Construction Brief on September 6, 2019—seventeen days after the close of claim construction discovery and more than two months after RideApp was obligated to provide its disclosure under Patent L.R. 4-2.

During Mr. Yen's deposition on September 18, 2019, he stated that he had started working on his declaration "at the end of July." Dkt. 105-11 at 16:25–17:3. RideApp thus had ample opportunity to notify Lyft and the Court of its intent to rely on Mr. Yen's testimony and yet failed to do so. On September 20, 2019, Lyft submitted its Responsive Claim Construction Brief (Dkt. 104) and asked that the Court "strike all of Mr. Yen's opinions because RideApp did not identify them as required in its Patent L.R. 4-2 or 4-3 disclosures," noting that RideApp had identified only Mr. Jellicoe as an expert for claim construction consistent with Patent L.R. 4-2 and 4-3. *Id.*

## III. RideApp's New Proposed Construction for the Term "on-demand allocation"

In its Opening Claim Construction Brief, RideApp argued for the first time for a new

construction of "on-demand allocation" that varies from a plain and ordinary meaning of the term. In its Patent L.R. 4-2 Disclosure, RideApp proposed a construction for "on-demand allocation": "the processing, integration and transmission of data to assign a passenger to a specific vehicle and vice-versa based on current passenger transportation vehicle usage information (including passenger parameters) and current vehicle data." Dkt. 105-12 at 3:16–18. The Parties later agreed not to separately construe "on-demand allocation," as reflected in the JCCPS. And yet, in its Opening Claim Construction Brief, RideApp argued that "on-demand allocation" should be construed as "the process of **communicating** to vehicles/drivers the passengers, routes, and schedules." Dkt. 101 at 8:10–11 (emphasis in original). This was the first time that RideApp proposed that "allocation" encompasses only "communicating" information and not "assigning" or "matching" as the plain and ordinary meaning of the term suggests. The only explanation offered for RideApp's shifting construction appeared in a footnote:

> In response to Lyft's Petition for Inter Partes Review, RideApp offered a preliminary construction of "allocation" that included "assignment." PTAB found that Patent Owner sought to add aspects that appear in the embodiments in its preliminary construction of "allocation." (Ex. 1, at 6.) In light of PTAB's Decision, Patent Owner proposes to limit "allocation" solely to its description in the specification.

*Id.* at 8, n. 6. The PTAB's first such finding occurred on July 17, 2019, giving RideApp time to reconsider its proposed construction. 105-1 at 1, 6–7. RideApp failed, however, to promptly notify Lyft and the Court of its change of position, choosing instead to surprise Lyft with this new construction in its Opening Claim Construction Brief. This unfairly forced Lyft to deal with the exact kind of eleventh-hour surprise that the procedures in the Patent Local Rules were meant to avoid. RideApp maintained this new construction in its reply brief. Dkt. 107 at 4:12–18, 5:7–18, 7:1–6. RideApp's new proposed construction for "on-demand allocation" should be excluded.

## IV. New Evidence Improperly Submitted with RideApp's Reply Brief

With its reply brief (Dkt. 107) RideApp submitted several exhibits with never-before-identified extrinsic evidence. The new evidence included portions of the transcript of a deposition of Mr. Williams held March 21, 2019 in an unrelated case. Dkt. 107-2. RideApp also submitted a purported copy of a webpage including dictionary definitions of "periodic" (Dkt. 107-3) and

portions of the Declaration of Craig Rosenberg submitted with Lyft's Petition for *Inter Partes* Review (Dkt. 107-4). RideApp's reply brief was the first time that RideApp identified any of this extrinsic evidence, despite RideApp's clear obligations under Patent Local Rules 4-2(b) and 4-3(b) and the fact that RideApp was notified by Lyft's timely disclosures under Patent L.R. 4-2 and 4-3 that Mr. Williams would be providing testimony as an expert witness (Dkt. 105-16 at 1:14–18, Dkt. 93, App'x B at 1–5) and that Lyft intended to rely on extrinsic evidence, including dictionary definitions of the word "periodic" (Dkt. 105-17 at 2–3, Dkt. 93, App'x B at 5–6). RideApp had opportunity to identify this evidence pursuant to the Patent Local Rules and elected not to do so, making these exhibits new evidence improperly submitted on reply, which should be excluded.

**V. Conclusion**

Lyft objects to the declaration of David Yen as he was not timely disclosed under the Patent Local Rules, and to the proposed construction of "on-demand allocation" and new evidence as untimely disclosed. Lyft respectfully requests the court to exclude said proposed claim construction and evidence from consideration at the upcoming claim construction hearing.

Dated: October 7, 2019

Respectfully submitted,

**BAKER BOTTS L.L.P.**

*/s/ Keith M. Jurek*

Bryant C. Boren, Jr. (SBN 260602)
bryant.c.boren@bakerbotts.com
Elizabeth K. Boggs (SBN 280555)
betsy.boggs@bakerbotts.com
John F. Gaustad (SBN 279893)
john.gaustad@bakerbotts.com
Keith M. Jurek (SBN 310856)
keith.jurek@bakerbotts.com
**BAKER BOTTS L.L.P.**
1001 Page Mill Road
Building One, Suite 200
Palo Alto, California 94304
Phone: (650) 739-7500
Fax: (650) 739-7699

Jeremy J. Taylor (SBN 249075)
jeremy.taylor@bakerbotts.com
**BAKER BOTTS L.L.P.**
101 California Street, Suite 3600
San Francisco, CA 94111
Tel: (415) 291-6200
Fax: (415) 291-6300

Jennifer C. Tempesta (*admitted pro hac vice)*
**BAKER BOTTS L.L.P.**
30 Rockefeller Plaza
New York, NY 10112
Phone: (212) 408-2500
Fax: (212) 408-2501

*Attorneys for Defendant LYFT, INC.*