Jeremy J. Taylor (SBN 249075)
jeremy.taylor@bakerbotts.com
**BAKER BOTTS L.L.P.**
101 California Street, Suite 3600
San Francisco, CA 94111
Tel: (415) 291-6200
Fax: (415) 291-6300

Bryant C. Boren, Jr. (SBN 260602)
bryant.c.boren@bakerbotts.com
Elizabeth K. Boggs (SBN 280555)
betsy.boggs@bakerbotts.com
John Frederick Gaustad (SBN 279893)
john.gaustad@bakerbotts.com
Keith M. Jurek (SBN 310856)
keith.jurek@bakerbotts.com
BAKER BOTTS L.L.P.
1001 Page Mill Road
Building One, Suite 200
Palo Alto, California 94304
Phone: (650) 739-7500
Fax: (650) 739-7699

Jennifer C. Tempesta (*admitted pro hac vice*)
**BAKER BOTTS L.L.P.**
30 Rockefeller Plaza
New York, NY 10112
Phone: (212) 408-2500
Fax: (212) 408-2501

*Attorneys for Defendant LYFT, INC.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| RIDEAPP, INC.<br><br>    Plaintiff,<br>v.<br><br>LYFT, INC.<br><br>    Defendant. | Case No. 18-CV-07152-JST<br><br>**DECLARATION OF KEITH M. JUREK IN SUPPORT OF DEFENDANT LYFT, INC.'S MOTION FOR AN EXCEPTIONAL CASE FINDING AND AWARD OF ATTORNEY FEES**<br><br>Judge: Hon. Jon S. Tigar<br>Date: January 22, 2020<br>Time: 2:00 p.m.<br>Courtroom: 6 - 2nd Floor |

I, Keith M. Jurek, hereby declare as follows:

1. I am over the age of 21 and am fully competent to make this declaration. I have personal knowledge of all facts recited herein, or have been informed of these facts by members of my team, and state that such facts are true and correct to my knowledge or information and belief, and, if called upon to do so, I would testify competently about them. I submit this declaration in support of Defendant Lyft Inc.'s ("Lyft") Motion for an Exceptional Case Finding and Award of Attorney Fees.

2. I am duly admitted to practice law in the State of the California and before this Court. I am counsel at the law firm of Baker Botts L.L.P., 1001 Page Mill Road, Palo Alto, California, and I represent Lyft, Inc. in the above-captioned action.

3. Lyft met and conferred with Plaintiff RideApp Inc. ("RideApp") concerning this motion on November 19, 2019.

4. RideApp filed its complaint accusing Lyft of infringement of certain claims of U.S. Patent No. 6,697,730 (the "'730 Patent") on July 23, 2018. Lyft produced more than 50,000 pages of documents responsive to RideApp's interrogatories and requests for production. The parties took the depositions of expert witnesses. In addition to filings with the Patent Trial and Appeal Board ("PTAB") of the United States Patent Office, the parties litigated numerous issues including a motion to transfer, a motion for judgment on the pleadings, a motion to dismiss, and fully-briefed claim construction, including a *Markman* hearing.

5. The stakes were high for Lyft, as RideApp's damages contentions asserted a damages theory estimating RideApp's damages at $584,000,000 through 2018 plus interest and on ongoing 4% royalty of Lyft's bookings from the beginning of 2019 until the expiration of the '730 Patent. Ex. P at 5:14–24. RideApp additionally sought treble damages. Dkt. 1. RideApp also initially sought injunctive relief, which could have covered a substantial portion of Lyft's operating business. *Id.*

6. Lyft seeks a minimum of $569,254.34 in attorneys' fees incurred after the PTAB's Order on Unified Patents Inc. Petition for *Inter Partes* Review dated July 17, 2019 finding each of the asserted claims of the '730 Patent indefinite plus attorneys' fees incurred in conjunction with

Lyft's Motion for Attorneys' Fees, any reply in support of Lyft's Motion, and any related hearings.

7. Lyft spent a substantial amount defending against this litigation. Lyft is separately seeking $27,883.40 of this in taxable costs. The amount Lyft spent includes more than $665,000 of costs and fees incurred after July 17, 2019. These costs can be broken down as follows:

- $20,860.31 of the $27,883.40 in taxable costs, which Lyft is separately seeking, incurred to date after July 17, 2019.
- $54,960.28 of non-taxable costs which Lyft incurred to date after July 17, 2019.
- $592,814.75 in fees, including attorneys' fees and paralegal fees, incurred after July 17, 2019 to date to which Lyft is entitled under 35 U.S.C. § 285.

**I.  Biographies and Roles of the Baker Botts Attorneys for Whom Lyft Seeks to Recover Fees.**

8. A summary of the timekeepers for whom Lyft seeks to recover fees is set forth below. In addition, this declaration includes summaries of each timekeeper's role on the case. The summaries were derived from records kept during the litigation and by conferring with the respective team members. Lyft is only seeking fees for attorneys who billed more than 50 hours to litigating this matter after July 17, 2019.

9. **Jeremy J. Taylor.** Mr. Taylor has been with Baker Botts since July 2015 and, since January 2018, has been a partner in the firm's San Francisco office. Mr. Taylor's practice focuses on working closely with high-technology clients on intellectual property disputes and counseling. Mr. Taylor has substantial experience in asserting intellectual property against infringing competitors as well as challenging intellectual property in the courts and patent office. Mr. Taylor's experience handling complex, multi-jurisdictional disputes through jury verdicts and appeals allows him to efficiently handle complex disputes. Mr. Taylor has experience in a wide variety of technology areas including telecommunications, consumer electronics, semiconductors, transportation and automotive technologies, software, storage technologies, advertising and media technologies, and mechanical design. Prior to law school, Mr. Taylor worked as an engineer at Giga-tronics analyzing and solving problems in the areas of heat transfer, vibration isolation, industrial design, signal processing, microwave synthesis, circuit layout and design, software

development, and manufacturing. Mr. Taylor regularly speaks at Berkeley Law School and graduated from New York University School of Law in 2006.

10. Mr. Taylor was involved in setting overall case strategy and supervising the day-to-day operations of the case, being involved in all major decisions in the case. In addition to supervising early-stage strategy prior to transfer to the Northern District of California, proceedings before the PTAB, analyzing the invalidity and non-infringement of the '730 Patent, motions to dismiss, and discovery, after July 17, 2019, Mr. Taylor supervised briefs and analyses relating to claim construction and related issues. Mr. Taylor further supervised Lyft's activities relating to discovery in the case, including the Parties' disclosures under the Patent Local Rules. Mr. Taylor negotiated with RideApp's counsel on behalf of Lyft throughout the case. Mr. Taylor supervised Lyft's claim construction strategy and assisted with drafting Lyft's claim construction briefs, and prepared for and represented Lyft at numerous hearings, including those related to claim construction.

11. Mr. Taylor billed 469.5 hours in total, including 158.2 hours billed after July 17, 2019. Mr. Taylor's current standard billing rate is $970 per hour.

12. **Elizabeth K. Boggs**. Ms. Boggs is a senior associate in the Palo Alto office of Baker Botts and has been with the firm since November 2012. Ms. Boggs represents clients in complex litigation matters at trial and on appeal in federal and state courts. Her practice includes intellectual property, employment, and complex commercial litigation. Ms. Boggs has substantial experience with briefing complex and unusual issues. After graduating from law school, Ms. Boggs served as a law clerk to the Honorable Carlos T. Bea of the United States Court of Appeals for the Ninth Circuit. Ms. Boggs graduated from Stanford Law School in 2011 where she was an Articles Editor for *Stanford Law Review*.

13. Ms. Boggs was involved in many of the day-to-day operations of the case, including a focus on supervising discovery issues, Lyft's motions on the pleadings, and Lyft's damages case. Ms. Boggs was primarily responsible for supervising Lyft's damages case, including document collection and productions, coordinating with Lyft's damages experts, and responding to RideApp's damages theories. Ms. Boggs also took primary responsibility for addressing several of the

discovery disputes that arose after July 17, 2019, including preparing notices of RideApp's discovery insufficiencies and preparing responses to letters from opposing counsel.

14. Ms. Boggs billed 382.0 hours in total, including 57.3 hours billed after July 17, 2019. Ms. Boggs's current standard billing rate is $900 per hour.

15. **John F. Gaustad.** Mr. Gaustad is a senior associate in the Palo Alto office of Baker Botts and has been with the firm since September 2011. Mr. Gaustad's practice involves a range of intellectual property matters, focusing primarily on patent infringement litigation and proceedings before the PTAB. Mr. Gaustad has extensive pre-trial briefing experience, including preparing briefing for motions to dismiss, discovery motions, claim construction, and motions for summary judgment. Mr. Gaustad has broad experience in matters before the PTAB and in preparing appellate briefs. Mr. Gaustad has litigated cases involving a wide range of technologies including location-based services, search-engine optimization, computer software, fiber-optic networks, and telecommunication systems. Mr. Gaustad also has patent prosecution experience. While in law school, Mr. Gaustad served as an extern for the Honorable Gail Ruderman Feuer of the Los Angeles Superior Court and as a Senior Copy Editor for the *University of Southern California Law Review*. Mr. Gaustad graduated from University of Southern California Law School in 2011.

16. Mr. Gaustad assisted in supervising the day-to-day operations of the case including coordinating case strategy relating to Lyft's contentions regarding the invalidity and non-infringement of the '730 Patent, discovery, and claim construction. He interviewed numerous fact and technical witnesses. Especially after July 17, 2019, Mr. Gaustad coordinated Lyft's claim construction positions in the case. He prepared and revised Lyft's motions and briefs, supervised the preparation of the declaration of Lyft's technical expert witness, Mr. David Williams, prepared for and took the deposition of RideApp's technical expert Mr. David Yen, defended the deposition of Mr. Williams, and represented Lyft at the claim construction hearings. Mr. Gaustad was also involved with the discovery disputes that arose in the case, including the Parties' disclosures under the Patent Local Rules.

17. Mr. Gaustad billed 581.0 hours in total, including 332.8 hours billed after July 17, 2019. Mr. Gaustad's current standard billing rate is $900 per hour.

18.     **Keith M. Jurek.**  I am an associate in the Palo Alto office of Baker Botts.  I have been with the firm since September 2016.  My practice focuses on a broad range of intellectual property matters, including patent preparation and prosecution, patent litigation, proceedings before the PTAB, and opinion work.  My practice spans a wide range of technology fields, including financial technology, computer security, networking and telecommunications, social networking, autonomous vehicles, artificial intelligence and machine learning, computer graphics, augmented and virtual reality, computer software, and other fields of high technology.  My experience in patent law ranges from representing clients before the Patent Office, preparing and prosecuting applications and Petitions for *Inter Partes* Review, and before the International Trade Commission and various District Courts, drafting pre-hearing motions, invalidity contentions, expert reports, and litigating claim construction disputes. I graduated from Michigan Law School, *cum laude*, in December 2015 where I served as the Technology Editor for the *Michigan Technology and Telecommunications Law Review* (now *Michigan Technology Law Review*).

19.     I assisted in the day-to-day needs of the case, with a focus on claim construction and the technical analysis of the '730 patent and prior art. I drafted, revised, and provided legal research for many of Lyft's motions, briefs and other documents filed in this case including Lyft's Answer and Motion to Transfer filed in the Southern District of New York, Lyft's Petition for *Inter Partes* Review filed with the PTAB, Lyft's motion to dismiss and supporting reply, and Lyft's claim construction briefing filed with the Court.  I worked closely with Lyft's technical expert, Mr. David Williams while preparing Lyft's claim construction brief and preparing Mr. Williams's declaration in support of the same. I was also engaged in Lyft's fact investigation efforts, focusing on research supporting Lyft's prior art invalidity theories and noninfringement contentions.

20.     I billed 1023.7 hours in total, including 333.8 hours billed after July 17, 2019.  My current standard billing rate is $670 per hour.

21.     As set forth above, Lyft seeks a minimum of $569,254.34 in attorney's fees, the amount paid for work performed by the above listed attorneys after July 17, 2019.  This figure reflects the number of hours billed by Baker Botts attorneys who billed more than 50 hours to this matter after July 17, 2019 multiplied by each attorney's respective standard billing rate during the

1  course of the litigation reduced based on discounts offered by Baker Botts, write-offs, and other
2  standard fee reduction practices.

## II. Baker Botts Rates Are Comparable to Prevailing Rates in the Community for Like-Skilled Professionals

22.     Every other year, the American Intellectual Property Law Association (the "AIPLA") produces an Economic Survey that reports on, among other things, billing rates for intellectual property services.  I have reviewed the September 2019 edition of the AIPLA Report of the Economic Survey ("AIPLA Report") and compared the rates charged by Baker Botts attorneys.  The AIPLA Report indicates that the median hourly billing rate for partners at private firms in the San Francisco Consolidated Metropolitan Statistical Area (CMSA) was $650 in 2018, and the third quartile (75%) was $826.  Ex. O (AIPLA Report) at I-29.  The median hourly billing rate for partner-track attorneys (e.g., associates) at private firms in the "Other West" region, which includes the San Francisco CMSA, Los Angeles CMSA and other California locations, was $427 in 2018, and the third quartile (75%) was $500.  *Id.* at I-42.

23.     Nationally, the third-quartile rate for associates with fewer than five years of experience was $325 per hour.  *Id.*  The third-quartile rate for associates with between seven and nine years of experience was $435 per hour.  *Id.*  Thus, the national premium, at the third quartile, for senior associates over their more junior colleagues is approximately 33.8%.  Applying that premium to the third quartile fees in the "Other West" region, one calculation for reasonable hourly fees is $500 per hour for myself (the base third quartile fee) and $670 per hour for Ms. Boggs and Mr. Gaustad (the base third quartile fee multiplied by the national experience premium: $500 x 134%).  The $569,254.34 amount sought by Lyft is consistent with these hourly billing rates and the third-quartile hourly billing rate for partners in the San Francisco CMSA.  Multiplying each attorney's hours billed defending this case after July 17, 2019 against these average billing rates yields a total fee of $558,940.20:

| Attorney Timekeeper | Hours | Average Billing Rate ($/hr) | Amount ($) |
|---|---|---|---|
| Jeremy J. Taylor | 158.2 | 826 | 130,673.20 |

| | | | |
|---|---|---|---|
| Elizabeth K. Boggs | 57.3 | 670 | 38,391.00 |
| John F. Gaustad | 332.8 | 670 | 222,976.00 |
| Keith M. Jurek | 333.8 | 500 | 166,900.00 |
| | | TOTAL | **$558,940.20** |

24. The $569,254.34 amount billed to Lyft after discounted billing rates and written off charges is consistent with the numbers reported in the AIPLA Report.

25. Lyft has retained Baker Botts on numerous matters both large and small in a variety of practice areas. For this reason and because this matter was a substantial undertaking, Lyft received a discount from the firm's standard rates.

26. Baker Botts maintained billing records for this matter in accordance with its usual practices, and attorneys working on this matter were instructed to enter their time in accordance with firm policies. Baker Botts conducts thorough reviews of each invoice before sending it to Lyft to confirm that each entry reflects time appropriately charged to Lyft. In instances where an entry reflects time that should not be charged to the client—whether due to a special client arrangement, inefficiencies, or otherwise—the entry is removed from the invoice and is not billed to the client. In the end, each invoice is reviewed by a team of individuals, including attorneys, litigation support staff, and accounting support staff. The billing practice for this matter included: (i) no block billing; (ii) the use of task codes; and (iii) billing in 0.10 time increments. In addition, budget estimates were provided on a regular basis.

27. The total amount spent by Lyft in defending this litigation is on par with or less than market estimates for high-stakes patent litigation through claim construction as reported by the AIPLA Report. The AIPLA Report indicates that in cases where potential damages are more than $25 million, the median estimated total cost of patent litigation through claim construction is $2,375,000. Ex. O (AIPLA Report) at I-145. In cases where the plaintiff is a non-practicing entity and potential damages are more than $25 million, the median estimated total cost of the litigation through claim construction is $2,500,000. *Id.* at I-169. Lyft's total cost of defending this suit is more 25% less than the median estimates from the AIPLA Report.

**III.   Exhibits to this Declaration**

28.   Attached as Exhibit A is a true and correct copy of the transcript of the hearing on Lyft's Motion to Transfer Venue to the Northern District of California held in the Southern District of New York Court, dated November 15, 2018.

29.   Attached as Exhibit B is a true and correct copy of the Petition for *Inter Partes* Review of U.S. Patent No. 6,697,730 in *Unified Patents Inc., v. RideApp, Inc.*, IPR2019-00414, dated December 12, 2018.

30.   Attached as Exhibit C is a true and correct copy of the Petition for *Inter Partes* Review of U.S. Patent No. 6,697,730 in *Lyft Inc., v. RideApp, Inc.*, IPR 2019-00671, dated February 12, 2019.

31.   Attached as Exhibit D is a true and correct copy of the Patent Owner's Preliminary Response to Petition for *Inter Partes* Review of U.S. Patent No. 6,697,730 in *Unified Patents Inc., v. RideApp, Inc.*, IPR2019-00414, dated May 9, 2019.

32.   Attached as Exhibit E is a true and correct copy of the Patent Owner's Preliminary Response to Petition for *Inter Partes* Review of U.S. Patent No. 6,697,730 in *Lyft Inc., v. RideApp, Inc.*, IPR 2019-00671, dated May 22, 2019.

33.   Attached as Exhibit F is a true and correct copy of RideApp's Disclosure of Proposed Claim Constructions and Extrinsic Evidence for U.S. Patent No. 6,697,730, dated June 24, 2019.

34.   Attached as Exhibit G is a true and correct copy of an email from Jeffrey Toney to John Gaustad, dated July 18, 2019.  I received this email on July 18, 2019 as Cc recipient.

35.   Attached as Exhibit H is a true and correct copy of the attachment to the email attached as Exhibit G.

36.   Attached as Exhibit I is a true and correct copy of an email from Jeffrey Toney to John Gaustad, dated July 19, 2019.  I received this email on July 19, 2019 as Cc recipient.

37.   Attached as Exhibit J is a true and correct copy of the attachment to the email attached as Exhibit I.

38.   Attached as Exhibit K is a true and correct copy of a letter from Jeremy Taylor to Jeffrey Toney regarding *RideApp v. Lyft*, 18-cv-07152 (N.D. Cal.)—35 U.S.C. § 285 Notice and

Request for Dismissal, dated July 22, 2019.

39. Attached as Exhibit L is a true and correct copy of a letter from Jeremy Taylor to Jeffrey Toney regarding *RideApp v. Lyft*, 18-cv-07152 (N.D. Cal.)—Second 35 U.S.C. § 285 Notice and Request for Dismissal, Proposed Update to the Patent L.R. 4-3 Statement, dated August 21, 2019.

40. Attached as Exhibit M is a true and correct copy of a letter from Jeffrey Toney regarding *RideApp, Inc., v. Lyft, Inc.,* Civil Action No. 18-cv-07152, N.D. Cal., dated August 26, 2019.

41. Attached as Exhibit N is a true and correct copy of selected pages of the transcript of the Claim Construction hearing, dated October 15, 2019.

42. Attached as Exhibit O is a true and correct copy of selected pages of the American Intellectual Property Law Association 2019 Report of the Economic Survey ("AIPLA Report"), available at https://www.aipla.org/detail/journal-issue/2019-report-of-the-economic-survey, dated September 2019.

43. Attached as Exhibit P is a true and correct copy of RideApp's Damages Contentions for U.S. Patent No. 6,697,730, dated July 9, 2019.

**IV. CONCLUSION**

44. As set forth above, Lyft seeks a minimum of $569,254.34 in attorney fees incurred defending this litigation since July 17, 2019 plus additional fees incurred in conjunction with Lyft's Motion for Attorneys' Fees, any reply in support of Lyft's Motion, and any related hearings.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 2nd day of December 2019 at Palo Alto, California, County of Santa Clara.

Respectfully submitted,

**BAKER BOTTS L.L.P.**

*/s/ Keith M. Jurek*
Keith M. Jurek