UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIDEAPP, INC.,<br><br>   Plaintiff,<br><br> v.<br><br>LYFT, INC.,<br><br>   Defendant. | Case No. 18-cv-07152-JST<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES**<br><br>Re: ECF No. 127 |

Before the Court is Defendant Lyft, Inc.'s motion for attorney's fees. ECF No. 127. The Court will deny the motion for the reasons discussed below.

Lyft seeks fees under 35 U.S.C. § 285, which provides that: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." This is a statutory exception to the "bedrock principle known as the 'American Rule,'" that "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010) (internal quotation marks and citation omitted). An "exceptional" case under Section 285:

> is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). Courts may consider such factors as "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6 (citation omitted). Thus, for

example, "a case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.* at 555. Entitlement to fees must be demonstrated by a preponderance of the evidence. *Id.* at 557-58.

As the Court has previously explained, "application of the American Rule remains the well-established presumption even in patent cases, and this Court will not depart from it lightly." *EON Corp. IP Holdings LLC v. Cisco Sys., Inc.*, No. 12-cv-01011-JST, 2014 WL 3726170, at *5 (N.D. Cal. July 25, 2014). The Court does not find the circumstances of this case to warrant such a departure.

Lyft's primary argument is that RideApp should have re-evaluated its position and ended this litigation, at the latest, after the Patent Trial and Appeal Board ("PTAB") opined that the asserted claims were indefinite. However, unlike in other cases found to have been exceptional under Section 285, the legal determination in this case – which issued from the PTAB – was not controlling. *Cf.*, *e.g.*, *Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*, 876 F.3d 1372, 1379-80 (Fed. Cir. 2017) (noting that the plaintiff has a "responsibility to reassess its case in view of new controlling law," and affirming fee award where plaintiff failed to do so after the Supreme Court decided *Alice Corporation Pty. Ltd. v. CLS Bank International*, 573 U.S. 208 (2014)); *Phigenix, Inc. v. Genentech, Inc.*, No. 15-cv-01238-BLF, 2018 WL 3845998, at *6-7 (N.D. Cal. Aug. 13, 2018) (finding that the "tipping point" that rendered case exceptional was the plaintiff's "unreasonable determination to forge ahead with prolonged litigation when it had no tenable theory of infringement" following an unfavorable summary judgment ruling on priority date). Patents are "presumed valid," and "[t]he burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity." 35 U.S.C. § 282. Lyft does not dispute that the PTAB's decisions are not binding on this Court, nor does it dispute that the PTAB has no jurisdiction to invalidate a patent based on indefiniteness. While the Court ultimately found the PTAB's analysis persuasive, *see* ECF No. 117 at 15-16, 19, it does not find exceptional RideApp's decision to continue this litigation following the PTAB's non-dispositive ruling. Nor does it find RideApp's litigation positions to have been so unreasonable as to make this case exceptional.

The Court also does not find RideApp's litigation conduct to warrant a fee award. While

the Court previously disapproved of some of RideApp's conduct as "not conducive to the orderly progress of this case," ECF No. 117 at 13 (citation omitted), "post-*Octane* decisions awarding fees have generally cited egregious behavior," *Vasudevan Software, Inc. v. Microstrategy, Inc.*, No. 11-cv-06637-RS, 2015 WL 4940635, at *5 (N.D. Cal. Aug. 19, 2015). RideApp's conduct, although "questionable," does not, in this Court's view, rise to the level required to render the case exceptional under Section 285. *Id.* (declining to award fees where the plaintiff was "most certainly not without fault for the long and arduous trajectory of this case" and "engaged in numerous questionable and overly aggressive litigation tactics").

Lyft's motion for attorney's fees is denied.

**IT IS SO ORDERED.**

Dated:  February 24, 2020

JON S. TIGAR
United States District Judge